## T. M. CAMPBELL, RECEIVER, v. H. GOODWIN.

### No. 208.

| 87 | 273 |
|---|---|
| 92 | 593 |

**Duty of Railroad Company to Prevent Escape of Fire—Practice.**

The law enjoins upon railway companies the duty of providing engines with the best approved appliances for preventing the escape of fire, and careful management thereof by their employes; and a failure to perform such duty constitutes negligence as matter of law. A charge which directs the jury to find for the plaintiff, upon finding from the evidence that the fire escaped from the engine of the defendant and caused the damages alleged, there being no evidence to show a compliance by defendant with the legal requirement as to the equipment of the engine, is not a charge upon the weight of evidence; it simply gives to the evidence, which is prima facie proof of negligence in the first place, that conclusive force which the law attaches to the failure of the defendant to make proof showing a compliance with its duty in that particular .................................... 276

CERTIFIED QUESTION from Court of Civil Appeals for the Third District, in an appeal from the District Court of Williamson County.

*Clarence H. Miller* and *Fisher & Townes*, for appellant.—The court erred in charging the jury that defendant was liable if one of the defendant's engines set fire to the grass in plaintiff's pasture, because it eliminated the issue whether the fire was the result of negligence or not, and also the issue whether the fire started from grass negligently permitted to remain on the right of way. Railway v. Wallace, 74 Texas, 585; Railway v. Witte, 68 Texas, 298; Railway v. Donaldson, 73 Texas, 124; Rost v. Railway, 76 Texas, 168.

*John W. Parker*, for appellee.—Appellee's contention is, that the duty imposed by law upon railway companies is to avoid as far as practical doing injury to adjacent property by fire from their engines; and as means to this end the law further requires, that such companies shall use on their engines the most approved appliances that have been generally adopted for preventing the escape of fire; that they shall use reasonable care to keep such appliances in safe condition and repair; that they shall use reasonable care in the selection of men to operate their engines, to secure those who are competent and skillful; that their employes shall manage the engines in a careful and skillful manner; and that they shall use reasonable care to keep their rights of way free from grass and weeds and other combustible matter; and that, when it is proven that property has been destroyed by fire set out by an engine, the burden rests upon the company to show that it used reasonable diligence in all these respects, and this too without regard to whether the fire started on or off the right of way. Railway v. Wallace, 74 Texas, 584, 585; Biering v. Railway, 79 Texas, 586, 587; Railway v. Benson, 69 Texas, 409, 410; Railway v. Horne, 69 Texas, 646–648; Railway v. Bartlett, 69 Texas, 79; Railway v. Witte, 68 Texas, 298; Railway v. Hogsett, 67 Texas, 688; Railway v. Timmermann, 61 Texas, 663, 664; Dillingham v. Whitaker, 25 S. W. Rep., 724; Railway v. Rheiner, 25 S. W. Rep., 972, 973; 1 Redf. on Rys., chap. 17, p. 467; 2 Wood Ry. Law, chap. 19, p. 1343; 8 Am. and Eng. Encyc. of Law, 2–10; Pierce Ry. Law, 314–316; 2 Thomp. on Trials, sec. 1815 et seq.; Sackett's Inst. to Juries, 394–397; Whart. on Neg., secs. 874, 875; Whittaker's Smith on Neg., p. 71, and note thereon.

BROWN, Associate Justice.—Goodwin sued Campbell in the District Court of Williamson County, alleging, in substance, that Campbell was receiver of the International & Great Northern Railway Company, and as such engaged in the operation of its railroad; that said Campbell, receiver, negligently permitted combustible matter to grow and accumulate upon the right of way of the railroad, and operated over the said railroad engines which were not supplied with the latest and most approved appliances for preventing the escape of sparks of

fire from the same; that said engines were operated by employes who were incompetent and unskillful, and known to the receiver so to be; also that the employes carelessly and negligently handled and managed said engines, whereby fire escaped from one of said engines and was communicated to the grass on plaintiff's lands, destroying the same and injuring the sod, etc., alleging the amount of the damages.

Appellant answered by general denial, and specially, that the engine from which it was charged the fire escaped was properly equipped and skillfully handled.

We copy from the statement made by the Court of Civil Appeals, as follows:

"The testimony showed, without conflict, that sparks escaped from a passing engine, started a fire on the right of way of the railroad, and spread to appellee's land and burned his grass. No evidence was offered tending to show how the engine was equipped to prevent the escape of fire, nor how it was managed and operated on the occasion in question. There was testimony tending to show that the right of way at the time in question was reasonably clean and free from combustible matter, though there was other testimony to show to the contrary."

"The court instructed the jury, that if they believed from a preponderance of the testimony that fire escaped from an engine operated by said Campbell, as receiver of said company, and set fire to the grass in appellee's pasture, and destroyed any of the same and injured the sod and turf of the land, as alleged in his petition, to find a verdict for him, unless they should find that he, by the exercise of ordinary diligence and prudence, could have extinguished the fire, and failed to do so, and nowhere in the charges given were the jury allowed to determine for themselves whether or not the facts thus enumerated would constitute negligence. No special charge was asked submitting the question of negligence to the jury."

Upon this statement the Court of Civil Appeals submits the following question:

Question: "Do the instructions above referred to, and the failure to submit any question of negligence to the jury, constitute reversible error?"

There was no such error in the charge given as would require the reversal of the judgment, and the court was not required to, and indeed could not under the evidence, submit the question of negligence to the jury. Upon the evidence the jury could not have found that there was no negligence on the part of the defendant, and if they had so found the court must, in the proper discharge of its duty, have set their verdict aside.

In an action against a railroad company to recover for damages occasioned to the property of plaintiff by fire which escaped from an engine operated by defendant on its road, when plaintiff shows by

proof that the fire escaped from the engine and set fire to his property, he is entitled to recover the damages shown to have been occasioned thereby, unless the defendant proves that the engine was provided with the best approved appliances for preventing the escape of fire therefrom, that the appliances at the time were in good repair, or that it had used ordinary care to keep them in such condition, and that the engine was skillfully and carefully managed by its employes in charge thereof. Railway v. Timmerman, 61 Texas, 660; Railway v. Hogsett, 67 Texas, 688; Railway v. Horne, 69 Texas, 646; Railway v. Wallace, 74 Texas, 584.

The law enjoins upon railroad companies the duty of providing its engines with the best approved appliances for preventing the escape of fire, and a failure to perform that duty constitutes negligence as matter of law. A charge which directs the jury to find for the plaintiff upon finding from the evidence that the fire escaped from an engine of the defendant and caused the damages alleged, there being no evidence to show a compliance by defendant with the legal requirement as to the equipment of the engine, is not a charge upon the weight of evidence, but simply gives to the evidence, which is prima facie proof of negligence in the first place, that conclusive force which the law attaches to the failure of the defendant to make proof showing a compliance in that particular. The reason of the rule in such cases is well illustrated by the cases cited above, and need not be further supported.

The fact that the railroad company may have exercised ordinary care in keeping its right of way free from inflammable matter would not excuse it from liability for the consequences if guilty of negligence in the equipment of its engine, and fire did escape therefrom and set fire to plaintiff's grass. Railway v. Cusenberry, 86 Texas, 532. He who exercises the lawful right to burn combustible matter on his own premises must not be guilty of negligence either in setting the fire or in preventing its escape. "The gist of the action is negligence, and if that exists in either of these particulars, and injury is done in consequence thereof, the liability attaches." Cool. on Torts, 700.

Delivered November 5, 1894.