**TEXAS & P. RY. CO. v. SMITH.**

No. 2466.

Court of Civil Appeals of Texas. Eastland.

Sept. 22, 1944.

Rehearing Denied Oct. 20, 1944.

Shropshire & Bankhead, of Weatherford, and B. L. Russell, of Baird, for appellant.

Scarborough, Yates & Scarborough and J. R. Black, all of Abilene, for appellee.

FUNDERBURK, Justice.

This appeal is from a judgment of the court below in favor of Edgar Smith awarding him recovery, against Texas and Pacific Railway Company, of damages in the sum of $1,497.50 for alleged negligence of defendant "in allowing * * * grass, weeds and vegetation to grow up on its right of way and remain there in a dry and inflammable condition where the same might communicate a fire to the adjoining premises"; and, following which, Defendant "negligently started a grass fire on its right of way at a point about one mile east of Putnam in Callahan County, Texas, * * * [which] spread over a large surrounding area and the smoke from said fire drifted across the highway * * * at the time Plaintiff's wife, Elva Smith, was driving her car along the said highway * * * [and] drove into said smoke, and after she got into the smoke it thickened and despite her great care and prudence in driving slowly and on her ex-

treme right-hand side of the road, the car which she was driving was run into by a car driven by a third party, and the Plaintiff's said wife sustained serious personal injuries from said collision * * *."

The issues being joined, the case was tried without a jury. The Honorable Trial Judge filed findings of fact and conclusions of law.

Appellant presents Eleven *Points* upon which the appeal is predicated, one or more of which are deemed to present each of the questions hereinafter discussed.

Although no point is made as to the pleadings, a construction of the pleadings seems to be necessary in order to identify the issues which, it is contended, there was no evidence to support.

Plaintiff's First Amended Original Petition (trial pleading) in paragraph "II" alleged that the defendant "negligently started a grass fire, *as hereinafter stated,* etc." (Italics ours.) In the immediate connection, there was no allegation of any other act or omission claimed to constitute the act of starting the fire a negligent act. In paragraph "VI" the only acts or omissions alleged to be negligence were as follows: "That the Defendant had allowed high grass, weeds, and vegetation to grow upon its right of way and said vegetation had dried out to where the same was highly combustible and was set fire to *by one of defendant's trains.*" That the defendant was negligent "in allowing the said grass, weeds and vegetation to grow upon its right of way and remain there in a dry and inflammable condition to where the same might communicate a fire to the adjoining land, and the Defendant was further negligent in failing, which it did, to provide and maintain a satisfactory fire guard or cleared space along or near its right of way to prevent the spread of such fires.

"That each and all of *said* acts of negligence were the direct and proximate cause of the damages and injuries above stated sustained by Plaintiff's wife."

An ambiguity calling for a construction of the pleading involves the question of whether it alleges two different grounds of negligence or three. Any particular act or omission, unless it has the character of negligence per se, involves an issue separate and distinct from the issue of its negligent quality. Rowland v. Murphey, 66 Tex. 534, 1 S.W. 658; Texas

& P. R. Co. v. Murphy, 46 Tex. 356, 26 Am.Rep. 272. If Defendant. intentionally, or unintentionally, "started a grass fire" on its right of way, that was not an act constituting negligence per se. Texas, etc., R. Co. v. Medaris, 64 Tex. 92. The pleader seems to have appreciated the necessity of alleging the acts or omissions which, in addition to the otherwise lawful act of starting the fire, constituted negligence. Instead, however, of alleging such acts or omissions in the immediate connection, he reserved them and set them out later as above quoted. Had there been no such subsequent statement, the general language would have failed to show whether the fire was started intentionally or unintentionally. In subsequently alleging that the fire was set "by one of defendant's trains" the unintentional starting of the fire was perhaps implied.

■■ Believed to be applicable to the question whether Plaintiff's petition alleged two or three grounds of negligence is the rule that " 'Where the petition alleges generally that the injury was the result of negligence, and then specifically sets up the acts of negligence relied upon, the evidence will be confined to the specific allegations of negligence and the general allegations will be controlled by the specific acts averred.' " 30 Tex.Jur., Sec. 124, p. 798; San Antonio & A. P. R. Co. v. De Ham, 93 Tex. 74, 53 S.W. 375. That rule would apply here, no doubt, even if the general allegation had made no reference to the specific allegations but more certainly so since it did make such reference. By such reference the general allegation is so modified that it does not purport to be complete in itself, but for completeness refers to the later allegation which so explained and limited the general allegation as to show that only two specific negligent acts or omissions were relied upon to constitute the cause of action. Only "*said*" acts, thereby implying acts previously expressed were alleged to be proximate causes of the injuries.

Of the two "acts" of negligence alleged, one only need be considered because the findings do not include as a basis of the judgment, any finding as to one of them, namely, the alleged negligence "in failing, which it did, to provide and maintain a satisfactory fire guard or cleared space along or near its right of way to prevent the spreading of such fires." Under this interpretation of the petition if correct, we need only consider whether there was any evidence that the Defendant was negligent in permitting combustible weeds, grass, etc., to be on the right of way and whether there was any evidence that such negligence was a proximate cause of the injuries.

The Court found that "Defendant negligently permitted and allowed grass, weeds and other vegetation to grow up and remain on its right of way after same had dried out and were in a highly combustible state, and the said weeds and grass extending out to similar grass and weeds on adjoining property by which the fire was caused to spread and the smoke to drift up on the highway upon which plaintiff's wife was traveling." It was further found that "such negligence was the direct and proximate cause of Plaintiff's damages."

By one point it is contended there was no evidence of such negligence, and by another that there was no evidence that such negligence (if any) was a proximate cause of the injuries to Plaintiff's wife.

If there was no evidence to support the finding of proximate cause, the judgment required would not be affected by the question of whether there was or was not any evidence to support the finding of negligence. We shall, therefore, because of our conclusion on the question of proximate cause, express no opinion on the particular question of negligence, as relating to plaintiff's wife in this case.

■ Granting or assuming there was evidence to support the finding of negligence in permitting combustible vegetation to be and remain on the railroad right of way, the evidence not only failed to show that such negligence was the proximate cause of injuries to plaintiff's wife, but did show conclusively, we think, the contrary. According to the uncontroverted evidence, the injuries to plaintiff's wife would not have been sustained but for the act of a third person over whom defendant had no control or responsibility for his actions. The Court found such act on the part of the third party was negligence. If it was negligence, it was, therefore, of course, avoidable. We think, as a matter of law, defendant cannot be held to liability for injuries resulting from an avoidable act of a third party, which was negligence and the immediate and proximate cause of the injury. The smoke from the fire drifting over the highway constituted a condition known to plaintiff's wife, and presumably

known to the third party involved in the collision, in plenty of time to avoid any injurious consequences. Such *condition* did not operate to cause any injury to plaintiff's wife, because, according to her own testimony, she was able to proceed and stay well on her side of the road. She was, therefore, in a position of safety but for the act of the third party. There was no pleading and no evidence to the effect that the third party in the exercise of due care could not, because of the smoke, have avoided getting on the wrong side of the road. As said before, one of the findings was that he was negligent in doing so. If negligent, then the act was avoidable, since an unavoidable act cannot be negligence. It, therefore, appears that the sole cause of the injuries was the negligent act of the third party, quite evidently not a natural or probable result of the alleged negligence, and, therefore, not reasonably foreseeable as likely to happen.

■ The case, as we see it, is, in this respect, one to which the general rule is applicable, that, as a matter of law, a person is not chargeable with foreseeing the consequences of an independent negligent act of a third party for whose conduct he has no responsibility. Ft. Worth & D. C. R. Co. v. Shetter, 94 Tex. 196, 59 S.W. 533; Texas & N. O. R. Co. v. Brannen, 140 Tex. 52, 166 S.W.2d 112; Panhandle & S. F. R. Co. v. Napier, 135 Tex. 314, 143 S. W.2d 754; International & G. N. R. Co. v. Gray, 65 Tex. 32. Our decision upon this point is the same reached in the companion case of Texas & Pacific R. Co. v. Atchison, 183 S.W.2d 179, the opinion in which is this day handed down.

■ While, according to our foregoing construction of Plaintiff's petition, negligence in starting the fire was not alleged as a separate and independent ground of recovery from negligence in permitting combustible vegetation to be on the right of way, it appears that the court below did regard it as independent and made findings accordingly. After the findings above mentioned, it was further found "that the Defendant negligently set fire to the grass, weeds and vegetation on its right of way, which fire spread and caused the smoke to drift over the highway upon which Plaintiff's wife was traveling, and that such negligence was the direct and proximate cause of Plaintiff's damages." Under the law as it provided prior to the adoption of Texas Rules of Civil Procedure, if we are right in our interpretation of the pleading, a fundamental error would be presented. In other words, as a matter of law, and independently of whether the error was assigned or not, it would be our duty to declare that findings of a ground of recovery not alleged could afford no support for a judgment awarding recovery upon such ground. But said Rules have abolished the former distinction between fundamental error and other errors required to be assigned. City of Santa Anna v. Leach, Tex.Civ.App., 173 S.W.2d 193. No point is presented to the effect that the particular ground of recovery set forth in the findings was not a ground of recovery pleaded. We shall, therefore, consider the points challenging the findings for the lack of supporting evidence, the same as if there was no question that such ground of recovery was pleaded. It appears that by so doing the same result will be reached, wholly uninfluenced by any question of whether our construction of the pleadings be correct or not.

We are inclined to disagree with the appellant that there was no evidence of negligence on the part of appellant in starting the fire on its right of way. Under a number of decisions in this State the circumstantial evidence was such as to support the finding that the fire started on the right of way caused from the operation of one of defendant's trains. Ordinarily, of course, that would seem to involve no question of negligence. But under a rule which repeated decisions of the Supreme Court seem to have established in this state, the same evidence which is sufficient to raise an issue of fact that a fire originating on the right of way of a railroad was set by sparks from one of defendant's locomotives is at the same time prima facie evidence of negligence in starting the fire. Gulf, C. & S. F. R. Co. v. Johnson, 92 Tex. 591, 50 S.W. 563, 564; Progressive Lumber Co. v. Marshall & E. T. R. Co., 106 Tex. 12, 155 S.W. 175; Campbell v. Goodwin, 87 Tex. 273, 28 S.W. 273; Galveston, H. & S. A. R. Co. v. Horne, 69 Tex. 643, 9 S.W. 440; Gulf, C. & S. F. R. Co. v. Benson, 69 Tex. 407, 5 S.W. 822, 5 Am.St.Rep. 74; Gulf, C. & S. F. R. Co. v. Witte, 68 Tex. 295, 4 S.W. 490; Ryan & Co. v. Missouri, K. & T. R. Co., 65 Tex. 13; International & G. N. R. Co. v. Timmermann, 61 Tex. 660.

Such rule has been evolved in suits in which property owners claimed damages

for the destruction of their property by fire. There may be a question whether the same rule would be applicable in a suit like this not involving the destruction of any property by fire. This, however, is perhaps a question of some difficulty and one which it is unnecessary to determine for the reason that in any event the judgment is controlled by the question of proximate cause hereinbefore discussed. Whether the fire was negligently started or not, it is, nevertheless, true that that was not the proximate cause of the injuries. Such injuries were solely caused by the independent negligence of a third party; and the negligence of defendant, if any, only furnished the condition but did not cause or concur in causing the injuries.

It is accordingly our conclusion that the judgment should be reversed and judgment rendered that plaintiff take nothing by his suit.

It is accordingly so ordered.