■ There is no question but that a conviction at a term of court not authorized by law is a nullity. Ex parte Thompson, 57 Tex.Cr.R. 437, 123 S.W. 612; Ex parte Jones, 133 Tex.Cr.R. 402, 111 S.W.2d 267.

We are not here dealing with a statute fixing the beginning and adjournment of the several terms of court. Here, the Act provides only for beginning of the terms of court, which were authorized to continue in session until the business is disposed of.

In Norwood v. State, 135 Tex.Cr.R. 406, 120 S.W.2d 806, 813, there appears this language, viz.: "We are inclined to the view that where an order for a special term of court for a county is made and no adjourning date is fixed, but it does not appear clearly from the order itself that said special term was intended to overlap a regular term that said special term would terminate by operation of law when the time for convening the regular term in said county arrived."

■ While we are not here dealing with an extension of a term of court or of a special session of court, yet the reasoning is the same—which is that, in the absence of express provision for the adjournment of a term of court provided under the Act, same was authorized to remain in session until the convening of the succeeding regular term.

It follows, therefore, that the November term, 1946, of the Criminal District Court No. 2 of Harris County was lawfully in session during the month of January, 1947, and that appellant's contrary contention is overruled.

Neither bills of exception nor motions in limine appear in the record.

■■ By motion for new trial, appellant claims certain irregularities in the selection of the grand as also the petit jury. No facts were introduced attesting these allegations. Mere allegations in a motion of new trial do not establish as a fact the allegations. There is nothing, therefore, to show that the grand and petit juries were subject to the defects or irregularities claimed.

No reversible error appearing, the judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

SMOCK v. FISCHEL.
No. 11710.

Court of Civil Appeals of Texas.
San Antonio.
May 21, 1947.

Rehearing Denied July 16, 1947.

**NORVELL, Justice.**

This is an appeal from a judgment nihil dicit rendered in favor of David Fischel and against E. Smock upon a special issue verdict.

■ Smock has appealed and contends that the trial court erred in overruling his motion to vacate the judgment. The granting of the motion was within the discretion of the trial judge and it is asserted that the record discloses an abuse of discretion.

The following is a recitation of facts from the standpoint of the trial judge, taken from his statement made in connection with the hearing had upon the motion:

After certain previous settings of this case had been made, and the trial thereof postponed, the case was set for trial on October 28, 1946, in the District Court of San Patricio County, 36th Judicial District. In response to a demand of Smock, who was the defendant and also the plaintiff in cross-action, a jury panel was in attendance and available for the trial of the cause. On said day the court disposed of two or three cases and then called for announcement in this particular case. The plaintiff, Fischel, announced ready, but the attorney for Smock was not present, and neither the judge nor the clerk had any information as to his whereabouts. The case proceeded to trial about 10:00 A. M., and after a substantial portion of the evidence had been introduced, the judge was called to the telephone by Smock's attorney, who was then in Refugio, Texas. The attorney stated that he was then engaged in the trial of a criminal case in the District Court of Refugio County, 24th Judicial District, and requested that the case of Fischel v. Smock be postponed until three o'clock that afternoon or until the next morning. The judge was unwilling to accede to this request unless Fischel's attorney would agree thereto, as he was of the opinion that the jury panel then in attendance would be disqualified to hear the case at 3 o'clock that afternoon or the next morning, as evidence had already been introduced before certain members of the panel who composed the jury then sitting in this case. A new panel would have to be secured, necessitating the

Roy A. Scott and Kleberg, Eckhardt, Mobley & Roberts, all of Corpus Christi, for appellant.

W. B. Moss, of Sinton, for appellee.

postponement or continuance of the case. Plaintiff's attorney refused to agree to the requested postponement of the case, and the judge thereupon refused the request for postponement and proceeded with the trial.

Judgment was rendered in favor of Fischel for the sum of $4,084, and it was further decreed that Smock "take nothing by his cross-action against plaintiff."

Appellant's attorney testified upon the hearing of the motion substantially as follows:

He was employed as attorney for Juan McGraw, who was charged with theft in the District Court of Refugio County. Two or three days before October 28th, he learned that McGraw's case was set in Refugio on the same day Fischel v. Smock was set at Sinton, the county seat of San Patricio County, that is, on October 28th.

On the morning of said day, about 7 A. M., he left Corpus Christi, passed through Sinton before 8 A. M. and was within five miles of Refugio when his car broke down and he did not get his car started again for some time, so that he did not reach Refugio until 9 A. M. He then placed a long distance call for the Judge of the 38th District Court at Sinton, but was unable to complete said call until between 10 and 11 o'clock. While he was waiting for this telephone call, the judge of the 24th District Court ordered the State and defendant to proceed with the selection of the jury in the McGraw case.

■ Before a judgment can be reversed by reason of some action taken by the trial judge within his discretionary powers, it is necessary to show that an arbitrary or unreasonable action was taken. The mere fact that a reviewing court might be of the opinion that some action other than that actually taken would have been more appropriate is not sufficient grounds for reversing the judgment.

■ Here the action of the trial judge can not be characterized as arbitrary. He caused a jury to be in attendance upon the court for the trial of this case upon the date for which it was set. He called the case

for trial upon said date and thereupon proceeded to trial. Although appellant's attorney knew of the conflicting setting of the criminal case in the 24th judicial district two or three days before October 28th, this matter was not called to the attention of the judge of the 38th Judicial District until after the present case had actually gone to trial before a jury. We hold that no reversible error is presented.

■ Certain further contentions are raised by appellant's points, but they can not be considered as the grounds therefor were not set forth in a motion for new trial. Rule 324, Texas R. C. P.

The judgment is affirmed.

### On Motion for Rehearing.

#### PER CURIAM.

Appellant contends that we erred in refusing to consider his third point because it was not raised in his motion for a new trial. This point refers to the alleged error of the trial court in decreeing that appellant take nothing by his cross-action.

■ As pointed out by Justice Funderburk in City of Santa Anna v. Leach, Tex. Civ.App., 173 S.W.2d 193, Art. 1837, Vernon's Ann.Civ.Stats., was repealed when the new rules were adopted. It was this article that authorized us to consider fundamental error. The only error which the Courts of Civil Appeals are now authorized to consider is assigned error, and where it is necessary to file a motion for a new trial, such error must be based upon an assignment of error contained in such motion for a new trial. City of Santa Anna v. Leach, supra; Lobstein v. Watson, Tex.Civ.App., 186 S.W.2d 999; Quinn v. Wilkerson, Tex. Civ.App., 195 S.W.2d 399; Alpine Tel. Corp. v. McCall, Tex.Civ.App., 195 S.W.2d 587; Texas & P. Ry. v. Smith, Tex.Civ. App., 183 S.W.2d 182, reversed on other grounds by Sup.Ct. 143 Tex. 475, 186 S.W. 2d 232; Johnson Aircrafts, Inc. v. Wilborn, Tex.Civ.App., 190 S.W.2d 426; Rule 374, and Rule 418 (b), T. R. C. P.

Appellant's motion for a rehearing has been carefully considered and is overruled.