Statement of the case.

## No. 5916.

## THE GULF, COLORADO AND SANTA FE RAILWAY COMPANY *v.* R. A. WITTE.

1. DAMAGES—BURNING BY RAILWAYS.—When combustible material is left by a railway company on its right of way, which is ignited by sparks or cinders emitted from its passing train, and injury to adjacent property is caused by the spread of the fire, the company is liable in damages unless it is shown that it was not guilty of negligence. To avoid such liability, it is not sufficient alone to show that the best machinery to avoid accidents from fire were used on the train. It must show the full exercise of due care to avoid causing injury by fire.

2. PLEADING.—Under our system of pleading and practice it is neither necessary to set forth or prove the exact time at which a cause of action accrued, or to state the same in the petition under a *videlicet*.

3. ARGUMENT OF COUNSEL.—In an argument on the trial of a suit against a railway corporation for damages, the counsel for appellant said, that the people were too much given to ask big rewards against a railroad, and that the juries of the country were inclined to give them all they asked. Appellee's counsel afterwards, in the course of his address to the jury, said: "Not a man in McLennan county would not dread suing a railroad as he would fire; they are backed by their employes, and have engendered prejudice because they are careless of the rights of the people. This suit was commenced by Witte; he has died during its pendency. The railroad postpones suits against it so indefinitely, until, in this case, the grave closes over the original plaintiff, and the widow is left to prosecute. Defendant is a powerful corporation, and as long as it has you in its power it will squeeze you like a lemon, but when seeking a favor it is suppliant and good"—*held:*

(1) Though the language of appellee's counsel was clearly improper, it could not, in view of the facts, have so seriously affected the rights of the appellant as to require a reversal.

(2) The language complained of was retaliatory, and invoked by improper remarks by the adversary; yet one wrong can not justify another, and the court would not hesitate to reverse a judgment based on a verdict induced by improper language in argument. The proper practice is promptly to check the attorney who first departs from a proper line of argument.

4. VERDICT.—See opinion for facts under which a verdict for damages was sustained on objection that it was excessive.

APPEAL from McLennan. Tried below before the Hon. B. W. Rimes.

Suit brought by J. A. Witte to recover damages for burning

his grass, hay, straw and wood. The opinion contains all the facts necessary to its being understood, except the language of counsel referred to in it, which will be found in the syllabus.

*William M. Flournoy,* for appellant: That the improper language of counsel in argument required a reversal, he cited Willis v. McNeill, 57 Texas, 465; Texas & St. Louis Railway Company v. Jarrell, 60 Texas, 267; Rules of the District Court, 39 and 121.

On his proposition that the presumption of negligence on the part of defendant was rebutted by proof that it used on its locomotives the most improved appliances to arrest sparks, he cited International & Great Northern Railroad v. Timmermann, 61 Texas, 660; Texas & Pacific Railway Company v. Medaris, 64 Texas, 92; Redfield on Railways, volume 1, chapter 17; Pierce on Railroads, chapter 16; Rorer on Railroads, volume 1, page 700; Hoff v. West Jersey Railway Company, 43 New Jersey Law Reporter, 201; 13 American and English Railway Cases, 476.

*E. A. McKinney* and *T. A. Blair,* for appellee, cited Sabine & East Texas Railroad v. Joachimi, 58 Texas, 456; Gulf, Colorado & Santa Fe Railway v. Helsey, 62 Texas, 593; Galveston, Harrisburg & San Antonio Railway v. Seymour, 63 Texas, 345; Gulf, Colorado & Santa Fe Railway v. Lowe, 5 Texas Law Review, 256, 257; 3 Sutherland on Damages, 381, 382.

Gaines Associate Justice. We need not notice appellant's second assignment of error, further than to say that it is an elementary rule that in proving the time at which a cause of action arose, the plaintiff is never confined to that laid in his declaration or petition. (Gould on Pleading, sec. 63, et seq.)

At common law time was usually stated under a *videlicet.* This, by some authorities, was decided necessary in order to release the pleader from the necessity of proving the exact date as alleged. But a requisite so purely formal as this, has no place in our system of pleading and practice. (1 Chitty on Pleading, 257, 258, 317, 318.)

The fourth assignment of error is not well taken. The language of the attorney for appellee, which is complained of, was called out, as is shown by the certificate of the presiding judge by improper remarks made by appellant's counsel in his ar-

gument to the jury.   Instead of permitting two offenses against the rules, a better practice would have been to have checked the counsel who first departed from a legitimate line of argument. This would probably have saved the necessity of a similar rebuke to the counsel who followed.   It is not thought that the wrong of one attorney will justify a like wrong on the part of another by way of retaliation, although this court would not hesitate to set aside a verdict which had been induced by language, not justified by the record, when the opposing counsel may have given the first offense.   But the language excepted to in this case, though clearly improper, we do not think calculated to have seriously prejudiced the rights of the appellant with the jury.   There is nothing in the verdict to indicate that, as a matter of fact, the jury were misled by any prejudice or improper motive.   We think, therefore, that the court did not err in refusing to set aside the verdict on account of the remarks of counsel, to which exception was taken by appellant.

The fifth, sixth and eighth assignments of error all complain that the damages given by the verdict of the jury are excessive. The petition alleged the value of the hay, straw and fence which were destroyed at two hundred and fifty dollars in the aggregate.   The verdict was for one thousand dollars.   Therefore seven hundred and fifty dollars must have been allowed for the grass.   The evidence showed that there were about three hundred acres of land upon which the grass was destroyed, and all of plaintiff's witnesses testified that the grass upon it was worth to plaintiff about three dollars per acre.   Upon cross examination it must be conceded that these witnesses did not give very satisfactory reasons for their opinion as to its value; but no witness was called by defendant to put the value any less. Now we are asked, because some of the witnesses said that farming lands were worth three dollars per acre per annum, and therefore they thought pasture land was worth as much, and because the grass was destroyed in January and must have sprung up again a few months afterward, to conclude that the witnesses were necessarily mistaken in their estimate of value, and to hold the verdict for that reason excessive.   This we can not do. It may be that the estimate of value made by the witnesses and allowed by the jury may appear large to one who has a personal knowledge of the value of such property.   But we can consider the evidence only, and looking to that, we find it sufficient to warrant the damages allowed by the jury.

Furthermore, the testimony shows that plaintiff was engaged in breeding and rearing cattle and sheep; that the pastures that were burnt over had been reserved for use during the latter part of the winter and early spring. One witness testified that he based his estimate of the value of the grass upon the fact that it would cost plaintiff that much to buy the forage which the destruction of the grass made necessary for his cattle and sheep. Such being the evidence, we can not say that the jury awarded excessive damages.

The seventh assignment of error is as follows: "The verdict of the jury is contrary to the evidence in this: The presumption of negligence on the part of defendant was rebutted by proof that it used on its locomotives the most improved appliances to arrest sparks." The evidence showed beyond any question that defendant's right of way was covered with combustible material, consisting of grass and weeds, and that these were ignited by sparks or cinders emitted from a train passing on defendant's road, and that the fire spread rapidly over plaintiff's pastures. This certainly made a case in which it was incumbent upon the company to prove that it was not guilty of negligence in order to avoid liability for damage. Appellant proved by witnesses residing in Galveston that it used upon its engines the most improved spark arresters, but offered no direct evidence showing the condition of the engine which caused the fire upon the occasion in question.

That the whole duty of the company in the premises did not consist simply in providing the best machinery is too clear for argument. It made no effort either to prove the exercise of any other care or to account for the escape of the fire upon any theory consistent with the exercise of due diligence on the part of its officers and servants. We think, therefore, that appellee's evidence was sufficient to show that the fire was the result of negligence on part of the company, and that it did not rebut the case made against it.

There is no error in the judgment, and it is affirmed.

*Affirmed.*