## DALLAS HOTEL CO. v. NEELY.
### (No. 8477.)

(Court of Civil Appeals of Texas. Dallas. Feb. 5, 1921.)

Evidence &⇒568(4)—Plaintiff's uncontradicted evidence as to value sufficient to authorize finding for him.

Plaintiff's uncontradicted testimony as to the value of a hand bag and its contents, based on his actual experience and investigations made at the time of loss, was sufficient to authorize finding for him and fixing the value in his action against an innkeeper.

Appeal from County Court of Dallas County, at Law; T. A. Work, Judge.

Suit by G. B. Neely against the Dallas Hotel Company. From judgment for plaintiff, defendant appeals. Affirmed.

Murphy W. Townsend and Louis H. Porter, both of Dallas, for appellant.

John C. Read and Lyle Saxon, both of Dallas, for appellee.

TALBOT, J. This was a suit brought by G. B. Neely against the Dallas Hotel Company in the county court of Dallas county at law, Dallas county, Tex., to recover damages resulting from the loss of one hand bag and its contents, consisting mostly of wearing apparel, jewelry, and toilet articles. It was alleged that on April 10, 1918, plaintiff entered the Adolphus Hotel, owned and operated by defendant, for the purpose of becoming its guest, and delivered his hand bag to one of defendant's employés for safe-keeping until he could register and be assigned to a room. That as a result of the negligence of the defendant, its agents, servants, and employés, the bag was never returned to him. That the said hand bag and its contents were of the reasonable cash market value, at Dallas, Tex., on April 10, 1918, of $245.10, and attached to plaintiff's petition was a list of the articles said hand bag is alleged to have contained, and opposite each article is the alleged reasonable, cash, market value of same at Dallas, Tex., on April 10, 1918. The appellant answered by general demurrer, general denial, and allegations that the loss, if it occurred, was due to the negligence of the plaintiff in failing to check his hand bag in a check room provided by the defendant for that purpose.

When the introduction of the evidence closed, the appellant asked a charge directing the jury to return a verdict in its favor. This charge was refused, the cause submitted to the jury upon a general charge, and verdict and judgment rendered for the plaintiff in the sum of $245.10.

The assignments of error are to the effect: (1) That the court erred in refusing to give the peremptory instruction asked by appellant, because the only evidence of the value of the appellee's hand bag and its contents being the purchase prices of same was not sufficient, standing alone, to furnish the jury a basis for a verdict; (2) that the refusal of said charge was error, because the evidence did not show the actual value or market value of the appellee's hand bag and its contents at Dallas, Tex., on or about April 10, 1918; (3) that the court erred in charging the jury that if they believed from the evidence that the appellee, upon entering the Adolphus Hotel, gave his hand bag to a bell boy of said hotel, or placed the same in charge of said bell boy, and should find that said hand bag was lost, to find for the appellee the reasonable market value of said hand bag, and the contents thereof as set out in the pleadings and testified to in the evidence; (4) that the verdict of the jury that appellee's hand bag and its contents were of the reasonable cash market value of $245.10, at Dallas, Tex., on April 10, 1918, is contrary to and not supported by the evidence, because there was no evidence of the reasonable cash market

value of appellee's hand bag and its contents; (5) that the verdict of the jury is excessive, there being no evidence that the appellee's said property was of the actual or market value of $245.10. These assignments, all of which relate to the insufficiency of the evidence, should, in our opinion, be overruled. The evidence of the appellee as to the market value of the articles lost was not based entirely on purchase price of the same, but upon investigation made by appellee in Dallas, Tex., and perhaps other points as to the market value of his property at Dallas. Appellee, among other things, testified:

"I, immediately after the bag was lost, went to two different bag makers in Dallas, Tex., giving an accurate description and specifications of the grip I had lost, and obtained an estimate between $35 and $40; the price of leather and everything used in connection with the manufacture of such a bag having been greatly advanced. * * * My answer to direct interrogatories stating the items that were in said traveling bag, and just opposite the cash market value of said items, at Dallas, Tex., on April 10, 1918, is not merely a guess on my part or my own personal opinion. It is based on my general knowledge which I possessed prior to April 10, 1918, which coincided with, and was corroborated by, the investigation I had made in connection with the bag trade for the express purpose of determining the value of it, so I could present proper proof. * * * In the last 21 years, I have traveled and covered most of the New England States, Texas, California, Washington, and Oregon, * * * and I have purchased articles of wearing apparel and other personal effects, * * * and that coupled with the experience that I have had, and the knowledge that I have acquired in the other 38 years of my life, gives me a fair personal knowledge as to the value of all of the articles contained in my grip. * * * Of my own personal knowledge I know the reasonable market value of the various articles above named (the hand bag and its contents) at Dallas, Tex., on April 10, 1918. * * * My reason of the statement above made, during the last 21 years I have traveled and covered most of the New England States, Texas, California, Washington, Oregon, British Columbia, a good part of Canada, and I have purchased articles of wearing apparel and other personal effects that are necessary for use in a civilized community, and that, coupled with the experience that I have had and the knowledge that I have acquired in the other 38 years of my life, give me a fair personal knowledge as to the value of all of the articles which were contained in my grip and which were necessary for my personal comfort, and those articles were purchased personally by me and were all in first-class condition, as good as when new, and the prices stated are the prices I paid for them and do not take into the consideration the enormous advance in values occasioned by the war. I have stated the manner in which I fixed the value of said articles as being based upon, not only what I paid for the articles, but upon my investigation of an examination of the articles of like character in Texas and in other parts of the United States, where I have been covering the number of years since I reached the age of discretion and intelligence."

The effect of the appellee's testimony is that he knew the market value of the articles lost at Dallas, Tex., at the time they were lost, and that such value was $245.10. He said he knew the value of the property from actual experience and investigation made at the time of the loss. It seems that most of the articles were not wearing apparel, but consisted of jewelry and "other articles of priceless value and could not have been replaced for the prices that he had originally paid for them." Appellee's testimony stands uncontradicted, was not objected to, and the appellant, so far as this record shows, did not introduce any evidence to the contrary. Railway Co. v. Witte, 68 Tex. 295, 4 S. W. 490; Railway Co. v. Dement, 115 S. W. 635; W. R. Case & Sons Cutlery Co. v. Canode, 205 S. W. 350.

In Railway Co. v. Witte, supra, the Supreme Court of this state said:

"A verdict fixing the value of plaintiff's grass, burned by negligence of defendant, at $750, held not to be set aside, it appearing that, although plaintiff's witnesses did not give very satisfactory reasons for their opinions as to its value, yet the railroad did not call any witnesses to fix the value at any less."

There was sufficient evidence to require the submission of the case to the jury, to authorize a finding in favor of the appellee and that the value of the lost property was $245.10.

The judgment is therefore affirmed.