# GREAT AMERICAN INDEMNITY COMPANY v. M. SAMS.

No. 8125. Decided November 10, 1943.
Rehearing overruled January 12, 1944.
(176 S. W., 2d Series, 312.)

*Sharfstein & Bell* and *John L. Bell,* all of Beaumont, for petition.

It was error for the trial court not to submit to the jury the tendered issue, requested by petitioner insurance company, inquiring as to whether or not the effect on respondent's body gen-

erally was but the usual and recognized result accompanying and following the fracturing of respondent's left wrist. It was also error on the part of the Court of Civil Appeals to affirm such holding. Texas Emp. Ins. Assn. v. Lemons, 33 S. W. (2d) 251; Jasper v. Liberty Mut. Ins. Co., 119 S. W. (2d) 386; Winn v. Royal Indemnity Co., 163 S. W. (2d) 872.

*Adams, Hart & Daughtry,* of Beaumont, for respondent.

MR. JUDGE SLATTON, of the Commission of Appeals, delivered the opinion for the Court.

This is a compensation case. M. Sams recovered a judgment for a general injury against the Great American Indemnity Company, which was affirmed by the Beaumont Court of Civil Appeals, 170 S. W. (2d) 564. The appeal of the insurance carrier is predicated upon claimed errors in the submission of the case to the jury.

The employee claimed a general injury, while the carrier asserted a specific injury, to the left wrist and arm. The trial court submitted to the jury the question as to whether the injury affected the body generally, to which the jury answered in the affirmative. The insurance carrier requested the following issue, which was refused by the trial court:

"Do you find from the preponderance of the evidence, that the effect, if any, of the particular injury sustained by Plaintiff on October 5, 1941, when he fractured his left arm at or near the wrist (if you have so found) on Plaintiff's body generally (if you have so found) to be the usual and recognized results accompanying and following the sustaining of such particular injury.

"Answer 'yes' or 'no'."

The trial court properly refused to submit the requested issue. One of the controlling issues made by the pleadings and proof was whether the injury was general or specific. Compensation for a specific injury is provided in Section 12 of the compensation law, but if the injury affects other portions of the body and causes incapacity, compensation is recoverable and may exceed the amount provided for in Section 12; for in such case the injury is general and not confined to the specific member as provided in Section 12. Consolidated Underwriters v. Langley, 141 Texas 78, 170 S. W. (2d) 463. The requested issue does not embrace an ultimate fact material to the com-

pany's defense. If, as the jury found, the specific injury affected the body generally and incapacity resulted therefrom, it is immaterial whether or not such effect is the "usual and recognized results accompanying and following the particular injury." Neither was it error for the trial court to overrule the insurance company's request to prepare and submit an issue embracing all component parts of the ultimate issue suggested in the requested charge. The trial court submitted to the jury all of the defenses raised by the pleadings and proof; therefore the insurance company has no right to complain.

The insurance company complains of the court's charge defining "total incapacity" and "producing cause," over its objection to the effect that the jury should have been instructed to disregard all testimony of the loss of the use of the employee's left hand or wrist, and such conditions as are the usual and recognized results accompanying and following the specific injury to the left arm or wrist. The company relies upon the following language contained in this court's opinion in the case of Southern Underwriters et al v. Boswell, 138 Texas 255, 158 S. W. (2d) 280:

"In view of the insurance company's contention that the disability of the employee was due to a prior illness, it was proper for the court to so instruct the jury, notwithstanding the fact that the case was submitted to the jury on special issues."

It must be noted that the insurance carrier in the Boswell case was contending that the disability of which the employee was suffering was due to arthritis contracted prior to the injury. It may be seriously doubted whether the same rule is applicable in a case like the present as the one applied in the Boswell case. However, it is not necessary to determine that question, because under Rule 279 the insurance company is not in a position to complain. The rule in part provides:

"Failure to submit a definition or explanatory instruction shall not be deemed a ground for reversal of a judgment unless a substantially correct definition or explanatory instruction has been requested in writing and tendered by the party complaining of the judgment."

The insurance company, in its objection to the court's charge, made its request for such instructions, but did not tender to the trial court as substantially correct definition or explanatory instruction. Therefore, under the quoted provision of the rule, it is in no position to complain.

The judgment of the Court of Civil Appeals which affirmed the judgment of the trial court is affirmed.

Opinion adopted by the Supreme Court November 10, 1943.

Rehearing overruled January 12, 1944.