TEXAS EMPLOYERS' INSURANCE ASSOCIATION v. W. E. MALLARD.

No. A-220. Decided November 1, 1944.
(182 S. W., 2d Series, 1000.)

*Sewell, Taylor, Morris & McGregor,* of Houston, and *Black, Graves & Stayton,* of Austin, for petitioner.

As to what is meant by total incapacity see Wells Fargo & Co. v. Keeler, 173 S. W. 926; Texas Emp. Ins. Assn. v. Hitt, 125 S. W. (2d) 323.

*Burris & Benton* and *F. F. Benton,* of Houston, for respondent.

As defendant insurance company failed to tender a substantially correct definition of "total incapacity" it could not object to the definition as given by the trial court. Davies v. Texas Emp. Ins. Assn. 29 S. W. (2d) 987; Traders & Gen. Ins. Co. v. Locklear, 119 S. W. (2d) 153.

MR. JUDGE HICKMAN, of the Commission of Appeals delivered the opinion for the Court.

This is a workmen's compensation case. In the trial court judgment was rendered in favor of the employee, respondent Mallard, against the petitioner for an amount in excess of $6,000.00 on a finding of total incapacity. The Court of Civil Appeals affirmed that judgment. 180 S. W. (2d) 381.

The first question presented for decision is this: Is the trial court's definition of the term "total incapacity," as contained in the charge to the jury, erroneous? That term was defined therein as follows:

"By the term 'total incapacity' as used in this charge, does not imply an absolute disability to perform any kind of labor, but is such disability as disqualifies a person from performing the usual tasks of a workman in such a way as to prevent him from procuring and retaining employment *in the usual occupation which he is suited to perform.*" (All italics in this opinion ours).

Petitioner's objection to that definition, timely filed, reads as follows:

"Defendant objects to the court's definition of the term total incapacity as given, because it is *more burdensome than the definition heretofore approved by the courts,* and requires and authorizes the jury to find the plaintiff totally disabled or incapitated if the jury believes that he cannot procure and retain employment *'in the usual occupation which he is suited to perform,'* whereas under the law if the plaintiff can procure and retain gainful employment by which he can earn a living or a partial living, he is not totally incapacitated but he is under the law partially incapacitated, and the definition of total incapacity as given conflicts with the court's definition of partial incapacity thereafter contained in the charge, and destroys the effect of it."

■ An application for writ of error was refused in the case of Texas Employers Insurance Association v. Ray, 68 S. W. (2d) 290, in which this definition was approved:

"The term 'total incapacity' (or total disability), as used in this charge, does not imply any absolute disability to perform any kind of labor, but a person disqualified from performing the usual tasks of a workman, in such a way as to enable him to procure and retain employment, is regarded as being totally incapacitated, or totally disabled."

That is the standard definition of that term in this jurisdiction. Texas Employers' Insurance Ass'n. v. Brock (Com. App.) 36 S. W. (2d) 704; Kemper v. Police & Firemen's Ins. Ass'n. (Com. App): 44 S. W. (2d) 978; Federal Surety Co. v. Scott, 22 S. W. (2d) 157 (writ refused). Many other supporting authorities are collated in 45 Tex. Jur., pp. 584 et seq. Sec. 159.

■ By comparing the definition contained in the court's charge

with the approved definition copied above it will be observed that the only substantial difference between them lies in the inclusion in the court's definition of the phrase, "in the usual occupation which he is suited to perform." That phase conveys the thought that the portion of the definition going before it should be restricted, and we think its effect is to restrict it. The evidence disclosed that the employee had been following the trade of a carpenter for many years prior to the time he sustained his injuries. His "usual occupation" was that of a carpenter. We cannot escape the conclusion that the effect of the restrictive phase was to confine the jury to a consideration of the question of whether respondent could thereafter perform the usual tasks of a carpenter. That unduly restricted the definition. An employee is not entitled to recover for total incapacity merely because he is unable to procure and retain employment in his usual occupation. The term implies disability to perform the usual tasks of a workman and not merely the usual tasks of any particular one trade or occupation. Western Indemnity Co. v. Corder, 249 S. W. 316; U. S. Fidelity & Guaranty Co. v. Baker, 65 S. W. (2d) 344; 45 Tex. Jur. pp. 585-586, Sec. 159.

Our conclusion is that the trial court fell into error in restricting the definition as above indicated.

■ The next question for decision is: Was it necessary, in order to preserve the question for review, for the petitioner to prepare and tender to the court a substantially correct definition of the term? The answer to this inquiry must be based upon our construction of two rules of civil procedure. In Rule 279 it is provided:

"* * * Failure to submit a definition or explanatory instruction shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or explanatory instruction has been requested in writing and tendered by the party complaining of the judgment."

Rule 274 reads in part as follows:

"A party objecting to a charge must point out distinctly the matter to which he objects and the grounds of his objection. Any complaint as to an instruction, issue, definition or explanatory instruction, on account of any defect, omission, or fault in pleading, shall be deemed waived unless specifically included in the objections. * * *."

It seems clear to us that this case falls under Rule 274 and not Rule 279. Rule 279 applies when there is a failure to submit a definition, while Rule 274 applies when a definition is actually contained in the charge, but the complaining party objects to it because it is thought to be erroneous. When the court fails to define a term which a litigant is entitled to have defined Rule 279 is applicable; but when, as here, the court's charge does contain a definition, but same is unsatisfactory to the litigant, Rule 274 is applicable. The opinion in Great American Indemnity Co. v. Sams, 142 Texas 121, 176 S. W. (2d) 312, the case relied on by respondent, is in harmony with what is just stated above. This is reflected by a consideration of the opinion as a whole, and more particularly by this language which the author of the opinion was careful to employ:·

"Thus it is seen that the insurance carrier was not objecting to the definitions given by the trial court, but was requesting the trial court to give additional instructions which the insurance carrier thought would be beneficial to it."

On this question we conclude that, in order for petitioner to be entitled to have the correctness of the Court's definition reviewed on appeal, it was not required to tender a substantially correct definition, as provided in Rule 279, but only to comply with the requirements of Rule 274.

The only remaining question is this: Did the objection filed in the trial court "point out distinctly the matter to which he objects and the grounds of his objection" as required in Rule 274? The objection is set out above. It informed the court that its definition was more burdensome than the definition theretofore approved by the courts, and specifically pointed out and quoted the exact words which made it more burdensome. Not only did it specifically point out and quote the objectionable phase contained in the definition, but it went further and explained wherein same was objectionable. It is our view that the objection fully met the requirements of Rule 274.

It follows from our holding above that, in our opinion, the judgments of the Court of Civil Appeals and trial court should both be reversed and the cause remanded. It is so ordered.

Opinion adopted by the Supreme Court Nov. 1, 1944.