## HICKMAN v. DURHAM.
### No. 2670.

Court of Civil Appeals of Texas. Eastland.
Sept. 10, 1948.
Rehearing Denied Oct. 1, 1948.

R. Harry Ratliff, of Colorado City, R. Temple Dickson, of Sweetwater, and Scarborough, Yates, Scarborough & Black, of Abilene, for appellant.

Ben F. Thorpe, John E. Sentell and H. J. Brice, all of Snyder, for appellee.

LONG, Justice.

Ed Durham instituted this suit against H. S. (Dick) Hickman for damages alleged to have been sustained as result of injuries inflicted upon him by Hickman. Defendant answered, admitting he struck the plaintiff, but alleged he did so in his own self defense. Based upon findings of a jury to special issues, judgment was entered in favor of plaintiff for the sum of $3,000.00. Defendant has appealed.

Defendant predicates his appeal upon one point in which he contends the court erred in giving the following charge to the jury: "In this connection you are further instructed that where a person against whom threats may have been made approaches the person who made such threats and provokes a difficulty with such person, then the right of self-defense is not available."

Defendant's objection to that portion of the charge was as follows: "Such a charge is a comment upon the weight of the evidence and it fails to tell the jury that the actions and conduct of the defendant at the time of the arrest would not be calculated to provoke a difficulty where the defendant was acting in an official capacity making an arrest."

Defendant was Chief of Police of the City of Colorado. Plaintiff was the janitor of the court house. On December 23, 1944, plaintiff cursed and made an assault upon Mr. Hornberger, one of the City Commissioners in said town. It was the contention of defendant that he knew of such assault and that the plaintiff was drunk. He testified that he sent two police officers in search of plaintiff and that he went in the city police car around the town for the purpose of conveying plaintiff to jail after he was arrested. It was the contention of plaintiff that he was not drunk. He admitted, however, the difficulty with Mr. Hornberger. He testified that policeman John Busbee came in a cafe where he was; they had a cup of coffee together and left the cafe to go to the court house for the purpose of obtaining some cigarettes for the police officer. It was the testimony of the plaintiff that cigarettes were rationed and very scarce at that time. That he had some cigarettes at the court house and that he told the officer he would give him some of them if he would go to the court house with him. Shortly after Busbee and plaintiff had left the cafe and at a time when they were walking in the general direction of the court house, defendant came up in the car. Defendant testified he alighted from the car for the purpose of placing plaintiff therein and conveying him to jail. That when he drove up, plaintiff drew his knife and when he alighted from the car plaintiff made an assault upon him with the knife and that he, in turn, in self defense, struck plaintiff across the head twice with his policeman's club. Plaintiff contended that the assault was unprovoked and made without any excuse or justification.

■■ It is our conclusion that the objection leveled to the charge does not present error. The first part of the exception, "such a charge is a comment upon the weight of the evidence," does not say wherein or in what respects the charge is upon the weight of the evidence. The charge is a correct abstract statement of the law and in our opinion is not upon the weight of the evidence. The other portion of the exception, "it fails to tell the jury that the actions and conduct of the defendant at the time of the arrest would not be calculated to provoke a difficulty where the defendant was acting in an official capacity making an arrest" does not present error.

■■ Although defendant did not plead he was attempting to make a lawful arrest at the time of the assault, yet we believe he was entitled to a charge that if he was attempting to make a lawful arrest at the time of the assault he would not be provoking a difficulty. However, this being a charge defendant thought would be beneficial to him, it was incumbent upon him to submit to the court a substantially correct instruction covering this phase of the case. No requested instruction was tendered to the court, therefore, error is not shown. Rule 279, Texas Rules of Civil Procedure; Great American Indemnity Company v. Sams, 142 Tex. 121, 176 S.W. 2d 312, 314.

The judgment of the trial court is affirmed.