**YELLOW CAB & BAGGAGE CO.**

v.

**GREEN.**

No. 15490.

Court of Civil Appeals of Texas.

Fort Worth.

April 16, 1954.

Rehearing Denied May 14, 1954.

Jones, Parish & Fillmore, and Clyde Fillmore, Wichita Falls, for appellant.

E. W. Napier, Wichita Falls, for appellee.

MASSEY, Chief Justice.

On March 5, 1954, we entered judgment reversing the judgment of the trial court and remanding the cause for another trial. After further study of the case on motion for rehearing, we have come to the conclusion that we were in error in so doing. The former opinion is hereby withdrawn and the following substituted therefor.

Judgment in favor of a plaintiff was rendered in a suit growing out of a collision between a taxi of the defendant company and another vehicle, in which collision the plaintiff, a passenger in the taxi, sustained personal injuries. The defendant company appeals.

Judgment affirmed.

Appellee, a widow, was a passenger in appellant's taxicab on December 24, 1952, at approximately 6:00 P. M., when it was involved in a collision in the City of Wichita Falls. Appellee claimed that she sustained injuries to her right arm, right leg, and back, as well as injuries to her nervous system, all of which injuries, except to the arm and leg, persisting down to the date of the trial, some four months subsequent to the date of the collision. Her claim was that as result of such injuries she was completely and totally disabled from doing any kind of work, and that the injuries caused severe pain. It was developed during the course of the trial that appellee had suffered previous disabilities and infirmities as result of operations prior to the time of the collision and the appellant claimed that such previous disabilities and infirmities caused the nervous condition from which appellee suffered at time of the trial, and appellant further claimed that if she did sustain any injuries as result of the collision in question, such injuries only aggravated the disabilities, infirmities and nervous condition existent at and prior to the time of the collision.

Trial was to a jury and all the special issues submitted were answered favorably to the appellee, and the judgment entered thereupon awarded damages to her for her injuries.

In connection with Special Issue No. 23, which was the damage issue, the court instructed the jury as follows: "In answering the foregoing Issue, you will take into consideration only the following elements: Physical and mental pain and suffering, if any, which Mrs. Jewel Green has suffered to the time of the trial, and such physical and mental pain and suffering, if any, which Mrs. Jewel Green, will, in all reasonable probability, suffer in the future; and the loss of earnings, if any, from the date of the collision to the time of this trial, and the rea-

sonable value of her reduced capacity, if any, to labor and earn money in the future, if you find that her capacity to labor and earn money will, in reasonable probability, be diminished in the future. *You will not allow any sum of money for any pain and suffering, loss of earnings, or earning capacity, except those which you find to be directly and proximately caused by the negligence, if any, of the defendant herein.* (Emphasis ours.)

In objecting to the submission of Special Issue No. 23, and in particular as to the explanatory instruction, the appellant stated as part of its objection:

"Defendant objects * * * for the further reason that the evidence raises the issue that a part of plaintiff's mental and physical suffering and disability, if any, is attributable to prior physical infirmities, diseases and nervous conditions, none of which had any connection nor are attributable to the accident in question, and the Court should instruct the jury in connection with Special Issue No. 23, not to consider nor allow anything for physical and mental pain and suffering or loss of earning capacity in the past, because of such previous physical infirmities, diseases and nervous condition, if any, that the plaintiff had, which was not an aggravation by the accident in question; * * *.

" * * * Defendant further objects and excepts to Special Issue No. 23, as written, because it permits the jury to award damages for other pain, suffering, disabilities, infirmities and incapacity to labor, work and earn money, attributable to and caused by previous diseases, infirmities, and nervous and physical conditions, and does not affirmatively relegate and confine the recovery of damages to the extent only that said previous diseases, nervousness and infirmities were aggravated as a result of the injuries sustained in the accident in question."

Prior to the effective date of Texas Rules of Civil Procedure an objection to the court's charge specific as an objection, was sufficient for a reversal without the further presentation of a formal request to supply an omission of an element of an explanatory instruction to a special issue where such omission was of an element material to a party's action or defense. Speer, Law of Special Issues, secs. 249, 250, 255, 256, and 288. Authority to the effect that objections which sufficiently specify the error will preserve the point on appeal, stemmed from the decision in the case of Gulf, C. & S. F. Ry. Co. v. Conley, 1924, 113 Tex. 472, 260 S.W. 561, 32 A.L.R. 1183. Under this authority, and until the date that Rule 279, T.R.C.P., became effective there would have been no doubt but what appellant would be entitled to maintain error urged in this instance to the explanatory instruction of Special Issue No. 23, which is undoubtedly correct as far as it goes.

Further authority for preservation of error under such circumstances is the case of Dallas Ry. & Terminal Co. v. Ector, 1938, Tex.Com.App., 131 Tex. 505, 116 S.W.2d 683. In that case it appears that the trial court had instructed the jury as to what elements it could consider in a case where there was a dispute between the parties as to the degree prior infirmities contributed to the present incapacity of a plaintiff in a personal injury suit, instructing the jury that it could allow damages for such suffering and disability "resulting directly and proximately from the injuries" the plaintiff had sustained in the collision with the defendant. The defendant objected substantially as the appellant here objected in the trial court. The Commission of Appeals, speaking through Judge Hickman, pointed out that the defendant was entitled to an affirmative presentation of his defenses (including the defense to compensatory damages for suffering and disability in so far as such was attributable to prior infirmities rather than to the injuries resultant from collision) and *that since the special issue itself was an affirmative issue for the plaintiff rather than a defensive issue for the defendant, the defendant was under no duty to request an issue curing a defect in a definition,—and the error was preserved upon appeal by the form of the objection.*

It is to be noted that the opinion in the Ector case was shortly prior to the date of

the new Rules of Civil Procedure. The law is unchanged unless these rules imposed a greater burden upon a complaining party. It is noted that the Ector case treated the omission complained of as a "defect".

Our question is whether under the circumstances the appellant is entitled to preserve the error, if any, upon this appeal. Appellee contends it is not, as not in compliance with Rule 279, T.R.C.P. Our question is not that which would be posed were the words of the court in the explanatory instruction plainly defective, for there is no affirmatively erroneous section or phrase in the instruction which appellant could complain of because the law was incorrectly stated. Neither is our question one which would be posed were there an omission of some ingredient of the appellee's affirmative case necessary to be considered in connection with any finding of fact which the appellant could insist be considered in answering a question which would support a judgment against it. The omitted explanatory instruction desired by appellant was actually an affirmative exclusionary instruction material to the appellant's defense. The appellant was entitled, as a matter of law, to have an affirmative exclusion of such elements of damages, if any, as might have been attributable to prior infirmities, if he properly raised his right thereto.

In his discussion upon the prospective use and effect of the New Rules of Civil Procedure, Judge J. B. Dooley, a member of the Advisory Committee, stated his conclusions as to the effect of Rule 279, T.R.C.P., in words, as follows:

"The rule retains the present practice that a party has no standing for appellate complaint on the ground that the trial court failed to submit an issue material to his cause of action or ground of defense, unless the party requested said issue in substantially proper wording in the trial court, but rightfully qualifies the requirement by adding: 'provided, however, that objection to such failure shall suffice in such respect if the issue is one relied upon by the opposing party.'

"The present practice is that a party may save the point by a mere objection to the failure of the court to submit a proper explanation or definition pertinent to some term of technical meaning contained in the trial court's charge. The new rule, changing the practice on that point, will make it necessary for the party who finds any fault with the failure of the court to submit a definition or explanatory instruction to request a substantially correct definition or explanatory instruction as a predicate for any appellate complaint, *and as I read it, this requirement holds good whether the missing definition or explanatory instruction relates to a question material to the complaining party's theory of the case or material to the other party's theory of the case.*" (Emphasis ours.) 20 T.L.R. 38. See also Julius Franki on Vernon's Texas Rules of Civil Procedure, 1942 Edition, at page 295.

Now there is an explanatory instruction appended to Special Issue No. 23 of the court's charge. The explanatory instruction sets out all the instruction desired by the appellee as a part of his case. It might be considered that it sets out an instruction purporting to cover the affirmative defensive ingredient of the appellant. Appellant complains that it does not do so and insists that it is insufficient and defective because of the insufficiency. It is clearly not defective as wrongfully instructing the jury. *If any fault exists in it at all it would be because of its insufficiency to protect a defensive right of the appellant.* The appellee owed no duty to protect appellant's defensive rights in regard to the matter at issue. The court owed the duty only if the appellant, in compliance with the Rules of Civil Procedure, called to the attention of the court in the manner therein provided the right asserted by him. If he did not do so, then he waived the right to claim error because thereof.

In Rule 279, T.R.C.P., it is provided, "* * * Failure to submit a definition

or explanatory instruction shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or explanatory instruction has been requested in writing and tendered by the party complaining of the judgment."

In Rule 274, T.R.C.P., it is provided, "A party objecting to a charge must point out distinctly the matter to which he objects and the grounds of his objection. Any complaint as to an instruction, issue, definition or explanatory instruction, on account of any *defect, omission,* or fault in pleading, shall be deemed waived unless specifically included in the objections. * * *" (Emphasis ours.)

█ Despite Judge Dooley's conclusions as to the effect of Rule 279, T.R.C.P., decisions in cases subsequent to the effective date of said Rule make it clear that the Rule does not operate so as to obligate a complaining party to submit any requested instruction to the trial court if there is an explanatory instruction of any kind given in the charge which embodies material elements of the theory of his opponent's case, whether in prosecution or defense, if the complaining party's objection is directed to something in the instruction which is affirmatively erroneous, or is defective because of the omission of some element which is necessary of inclusion therein if the opponent's proper burden is to be borne by him. In such instances, the complaining party has protected his right to appeal because of such character of error if he has merely objected to the definition given and during the course of the objection pointed out the language because of the inclusion of which he is prejudiced, or pointed out the language which must be included if he is not to be prejudiced.

█ This squarely presents the question of whether Judge Dooley was correct in his conclusion that Rule 279 would operate to obligate a complaining party to submit any requested instruction to the trial court in an instance where there was an explanatory instruction given in the charge which embodied the material elements of his op-ponent's case (under the opponent's theory of prosecution or defense), and which is not affirmatively erroneous and is not defective in its language, but where the complaining party desires that instructions additional to those already given be incorporated in supplement thereof and presenting material elements of the complainant's theory in opposition to that of his opponent. We have reached the conclusion that Rule 279 does so operate, and that in the present case the objection made by the appellant actually constituted a request to the trial court to give additional instructions that the appellant thought would be beneficial to it, and not a complaint that the instruction given operated in itself to place a greater burden upon appellant than the law required. In view thereof the appellant lost its right to preserve error because of the court's failure to give the additional and supplementary instructions the appellant desired, because appellant did not perform the duty of tendering to the court in writing the instruction he wanted the court to add to what was already given.

In the case of Hickman v. Durham, 1948, Tex.Civ.App., Eastland, 213 S.W.2d 569, 570, writ refused n. r. e., which was a suit for damages against an officer because of an assault, the court gave an instruction to the jury relating to the plaintiff's right of self-defense and when it would not be available. The defendant objected to the instruction because it failed to further tell the jury that the actions and conduct of the defendant at the time of the arrest would not be calculated to provoke a difficulty where the defendant was acting in an official capacity making an arrest. The court held that though it was of the opinion that the defendant was entitled to a charge that if he was attempting to make a lawful arrest at the time of the assault he would not be provoking a difficulty, it would affirm the judgment for damages plaintiff obtained in the trial court because of Rule 279, T.R. C.P. The court's language was as follows: "However, this being a charge defendant thought would be beneficial to him, it was incumbent upon him to submit to the court a substantially correct instruction covering

this phase of the case. No requested instruction was tendered to the court, therefore, error is not shown. * * *"

In the Hickman v. Durham case, supra, the Eastland court squarely held that the case was one which should be reversed if the complaining party had preserved his right to complain of error by tendering to the court a proper requested instruction. It refused to reverse because an objection under provisions of Rule 274, T.R.C.P., did not suffice to preserve the error. The Supreme Court refused the application for writ of error because it found "no reversible error". The Eastland court was either found to have been correct in its holding that the error it believed to exist was not preserved, or was found to have been correct in affirming the judgment because the Supreme Court believed the instruction given was sufficient and satisfactory.

In the case of Great American Indemnity Co. v. Sams, 1943, 142 Tex. 121, 176 S.W.2d 312, 314, a suit under the Workmen's Compensation Act was brought. In the charge of the court were definitions of the terms " 'total incapacity' " and " 'producing cause' ". The insurance company objected to the definitions given. The objection was to the effect that the jury should be instructed to disregard all testimony relating to a certain pre-existing disability. The Supreme Court stated that the definitions given by the trial court were correct, therefore it would not appear to matter what form the objection took. However, the opinion set forth Rule 279, T.R.C.P., and stated that its provisions applied and any error existent would not be preserved in the absence of a tendered instruction by the appellant. It also stated, "Thus it is seen that the insurance carrier was not objecting to the definitions given by the trial court, but was requesting the trial court to give additional instructions which the insurance carrier thought would be beneficial to it."

In the case of Dallas Railway & Terminal Co. v. Enloe, 1949, Tex.Civ.App., Dallas, 225 S.W.2d 431, writ refused, n. r. e., the court said that where a standard definition omits elements which a party considers should be included therein, an objection does not suffice to preserve any error and a complainant must tender a desired instruction in writing under provisions of Rule 279, T.R.C.P. The case did not turn upon the question here involved, and it is cited merely because it premised its authority for the above statement as to the law upon the Great American Indemnity Co. v. Sams case, supra.

In the case of Texas Employers' Insurance Ass'n v. Mallard, 1944, 143 Tex. 77, 182 S.W.2d 1000, 1002, Chief Justice Hickman, then a Commissioner, said, " * * * Rule 279 applies when there is a failure to submit a definition, while Rule 274 applies when a definition is actually contained in the charge, but the complaining party objects to it because it is thought to be erroneous. * * *" The appellant in the case now under consideration relies upon Judge Hickman's language to substantiate its contention that if a charge contains any instruction at all, then error is preserved by objection alone and the requisites as to requesting instructions prescribed by Rule 279, T.R.C.P., are of no consideration. In this we believe the appellant to be incorrect, for it is noted that later on in his opinion Judge Hickman says that in the case he was considering the respondent was relying upon the case of Great American Indemnity Co. v. Sams, supra, and that he (Judge Hickman) deems his holding to be in harmony with such opinion. He said, " * * * This is reflected by a consideration of the opinion as a whole, and more particularly by this language which the author of the opinion was careful to employ: 'Thus it is seen that the insurance carrier was not objecting to the definitions given by the trial court, but was requesting the trial court to give additional instructions which the insurance carrier thought would be beneficial to it.' * * *" It is further to be noted from Judge Hickman's opinion that he held that the instruction which was given in that case of the term "total incapacity" conferred a greater burden upon the insurance company than was required by law, and that the judgment required a

reversal because thereof, the company's objection under provisions of Rule 274, T. R.C.P., having in part been predicated upon such ground.

In the case of Russell Const. Co. v. Ponder, Tex.Civ.App., Beaumont, 1944, 182 S. W.2d 857, 861, affirmed by the Supreme Court in 1945 in 143 Tex. 412, 186 S.W.2d 233, 236, the defendant objected to an instruction which the trial court gave to the jury upon what elements they might consider in arriving at the amount of damages to the plaintiffs because of the death of a minor child. The defendant objected to the standard form of instruction given because (it contended) the trial court should have also instructed the jury "that they could not consider as a part of said damages, but should deduct therefrom, the cost of education of such minor" in arriving at the pecuniary value of his services. The Court of Civil Appeals held that error, if any, was not preserved in view of Rule 279, T.R.C. P., but that there was no error in any event since the instruction met the requisites of law. Upon this point the Supreme Court (through Chief Justice Hickman, then a Commissioner) set out the holding of the Court of Civil Appeals upon whether there had been an error preservation and said, "* * * As to that question we do not agree with the Court of Civil Appeals that it was required of the petitioner that he tender an instruction, since the objection but challenged the correctness of the instruction given. * * * However, the Court of Civil Appeals correctly disposed of the point on another ground, and its ruling will therefore be affirmed."

From the rather detailed analysis of the cases upon the question, we are of the opinion that the statements upon the proposition of how and when Rule 274, T.R.C.P., is controlling and how and when Rule 279, T.R.C.P., is controlling, actually constituted the controlling factor of the ultimate decision in only one of the cases. That case was the one by the Eastland Court of Civil Appeals, Hickman v. Durham, supra, in 1948. Unless the instruction which was given in that case was full and complete and contained all the material elements of the complainant's theory in opposition to the case of his opponent, whereby the complainant would not have been entitled to the further and additional instruction he desired in any event, then at least the majority of the members of the Supreme Court has held it prerequisite to a preservation of error in these cases that an additional supplementary instruction must be requested and tendered in writing. Such was the express holding of the Eastland Court of Civil Appeals.

Chief Justice Hickman seemed to approve this principle of law in his discussion of the Great American Indemnity Company v. Sams case, supra, during the course of his discussion of the Texas Employers' Insurance Association v. Mallard case, supra, in 1944. Then, in 1945 he seemed to have disapproved of it during the course of his discussion in the Russell Const. Co. v. Ponder case, supra, when he stated that he disagreed with the Beaumont Court of Civil Appeals which appears to have relied upon such as an established principle. Since the ultimate decision in none of these cases turned upon the question, and since the ultimate decision of the case of Hickman v. Durham, supra, did turn upon the question in the opinion of the Eastland Court of Civil Appeals in 1948, we believe that case is the authority having the greatest weight.

It is our opinion, therefore, that because of the appellant's failure to comply with the provisions of Rule 279, T.R.C.P., by requesting in written form the instruction it desired in supplement of the instruction which was given by the court in its charge it has failed to preserve the error of which it complains.

Had the appellant complied with the provisions of Rule 279, T.R.C.P., and after having done so had been refused its request, it is our opinion that we would be compelled to reverse the judgment in this case because we believe that appellant would have been entitled to have the further supplemental instruction it desired given to the jury and instructing them not to consider

certain evidence in arriving at an answer to the special issue on damages. We believe the appellant would have been on sound ground under the authority of the case of Nehi Bottling Co. v. Patton, Tex.Civ.App., Galveston, 1940, 142 S.W.2d 900, which considered the exact ground we now consider, and through reasoning which appears most sound, arrived at the conclusion that there was an insufficiency in the instruction given which would require a reversal. In that case, however, the error was preserved, and in this case the error was not.

Appellant predicates another point of error upon the proposition that though all the evidence introduced on the part of appellee was to the effect that she would be fully recovered from her injuries within a period of four months time from the date of the trial, the request of appellant that the jury be instructed that it should not take into consideration any future pain, disability, etc., except for four months time from the trial date, was refused. Because of the refusal the appellant claims that the jury would be allowed to consider pain, disability, etc., which might be experienced by the appellee after four months time from date of the trial in the arrival at damages in the future, and this being a period without the proof adduced upon the trial, such would constitute error and therefore the court erred in refusing to so charge the jury.

Testimony as to the extent and duration of future pain and suffering and disability from personal injuries is necessarily based upon opinion, either lay or expert. It is therefore not testimony as to fact, but contrarily is testimony as to a conclusion from which facts are necessarily found as part of the duty of the trier of fact in a personal injury case. When this office is performed by a jury the drawing of such a conclusion is its exclusive province. It would be bound by facts which are not in dispute, but it is the exclusive arbiter of any conclusions to be drawn from facts whether they are in dispute or not. United States v. 2,049.85 Acres of Land, More or Less, in Nueces County, Texas, D.C.1943, 49 F.Supp. 20; Coxson v. Atlanta Life Ins. Co., 1944, 142 Tex. 544, 179 S.W.2d 943. And even though the evidence adduced all be to the effect that the injured person will in the opinion of everyone be fully recovered within four months, yet the determination of whether this is true is a matter peculiarly within the province of the jury and theirs is the right to reach a conclusion by blending all the evidence admitted before them, aided by their own experience and knowledge of the subject of inquiry which they have the right to apply, and to deduce therefrom the truth as they may believe it to be. Simmonds v. St. Louis, B. & M. Ry. Co., Tex.Com.App., 1936, 127 Tex. 23, 91 S.W.2d 332; Houston Belt & Terminal Ry. Co. v. Vogel, Tex.Civ.App., Galveston, 1915, 179 S.W. 268, error refused. In view thereof the requested instruction of limitation would constitute a violation of a right of the jury to exercise a matter of its own discretion, and no error could result from the refusal of the instruction.

Upon the trial procedure appellant claims error because of the court's refusal to permit him to answer criticism made of his attorney during the course of the opening argument because of the absence of a certain witness, and because the trial court restricted such attorney to argument and discussion of the question as to whether or not the vehicle claimed to have been parked along the street and to have played a part in the collision was or was not present, and refusing him any right to explain or answer the criticism leveled by opposing counsel because of the absence (as a witness) of the driver of the only vehicle the appellant claimed was ever parked on the street proximate, both as to time and place, to the collision. The truck in question was one which the appellant claimed was a truck of the White's Auto Stores and which was not parked nearby at the time of the collision but subsequent to such time, and not on the east side of Calhoun Street, but on the west side. Appellant had made no objection to the statements made by the attorney for the appellee in the criticism.

Does one party have the right to make a reply to argument on the part of his adversary in which such adversary attacks him because he has not introduced the testimony of an absent witness not shown to be connected with or under the control or domination of the party desiring to reply to such attack and to explain the absence of the witness and his testimony? This is the question posed. We believe the answer would be in the negative. He is not so entitled as a matter of right and although much latitude is given counsel in reply argument to his adversary, the propriety of argument in reply to that of opposing counsel rests in the sound discretion of the trial court. 41–B Tex.Jur., p. 335, sec. 279; Gross et ux. v. Blecker, Tex.Civ.App., Galveston, 1937, 105 S.W.2d 282. The wrong of one attorney will not justify a like wrong on the part of another by way of retaliation, although an appellate court will not hesitate to set aside a verdict which has been induced by language, not justified by the record, though the opposing counsel may have given the first offense. Gulf, C. & S. F. Ry. Co. v. Witte, 1887, 68 Tex. 295, 4 S.W. 490. The mere fact that counsel for one party has injected improper matter into the case does not license opposing counsel to commit a similar wrong. In every instance the court should consider the action or statement of each attorney in relation to its probable effect upon the verdict. D. & H. Truck Line v. Lavallee, Tex.Civ.App., Austin, 1928, 7 S.W.2d 661, error refused. This does not affect the general rule that where improper remarks of counsel for one party are of such a nature as to call for a reply, and the language used does not seem to have gone beyond the bounds of a legitimate answer the jury's verdict will not be disturbed. The rules relate to two different set of circumstances, in one of which a reply was allowed and in the other the desired reply was disallowed. In this instance the reply was disallowed. The trial court did not err in its ruling.

We find no reversible error preserved and advanced on this appeal. Judgment is affirmed.

## On Motion for Rehearing

At one point in our opinion we stated that the Supreme Court, in refusing application for writ "no reversible error" in the Hickman v. Durham case, 213 S.W.2d 569, either found the Eastland Court of Civil Appeals to have been correct in its holding that the error it believed to exist was not preserved or was found to have been correct because the instruction as given by the trial court to the jury was sufficient and satisfactory.

We are well aware of the fact that there are many writs disposed of by the Supreme Court as "Refused, n. r. e.", which the Supreme Court might have disposed of as straight "Writ refused" without qualification, but for the fact that the complaining party applying for the writ applied for the writ on a lesser number of points than the number ruled upon by the Court of Civil Appeals. In those instances, despite any opinion by the members of the Supreme Court that the reasoning as well as the holdings of the Court of Civil Appeals merited their one hundred per cent approval, as by a "Writ refused", it is powerless to express such an approval but must instead append the qualification "no reversible error" because it has jurisdiction of only the points upon which the writ has been applied for. When the Supreme Court is not empowered to consider all points that were before the Court of Civil Appeals, the best the Supreme Court can do for the intermediate court is to note its refusal of the application, "no reversible error." Bowie v. City of Houston, Tex. Sup., 1953, 261 S.W.2d 450.

What we perhaps should have said in our discussion of the Hickman v. Durham case, supra, was that since in that instance it was highly unlikely that the application for writ of error failed to carry forward the few grounds of error urged in the Court of Civil Appeals, our comments were predicated upon a presumption that all the points upon appeal were carried forward into the application for the writ of error.

The motion for rehearing is overruled.