**Tex RILEY, Appellant,**

**v.**

**Billy Ray NORMAN, Appellee.**

**No. 5069.**

Court of Civil Appeals of Texas.

El Paso.

Dec. 1, 1954.

Rehearing Denied Jan. 12, 1955.

McDonald & Shafer, Odessa, for appellant.

Blanton, McMahon & Fuller, Odessa, for appellee.

McGILL, Justice.

This suit arose out of a collision between two vehicles, one of which was being operated by appellee and in which his wife was also riding, and the other operated by appellant. Based upon a jury verdict, judgment was entered in favor of appellee against appellant for $6,000 with interest at 6% per annum from date of the judgment.

Appellant's points complain of trial errors in the instruction of the court, first because the judge instructed damages could be awarded for "physical impairment" and for "diminished capacity to work and earn money", over the defendant's objections that the same permitted and allowed a double recovery. Special Issue No. 10 submitted and the instruction in connection therewith was:

"What sum of money, if any, if paid now in cash do you find from a preponderance of the evidence will be reasonable compensation for the physical impairment, if any, of the plaintiff Billy Ray Norman, in the past, if there has been any in the past, and for physical pain, if any, of the plaintiff Billy Norman in the past, if there has been any in the past, and for mental pain in the past, if there has been any in the past, and for diminshed capacity, if any, of the plaintiff Billy Ray Norman, to work and earn money in the past, if there has been any in the past, resulting directly and proximately from the injuries, if any, the plaintiff Billy Ray Norman sustained on the occasion in question?

"Answer in dollars, if any, and cents, if any.

"Answer: $2,500.00."

Defendant's objection "A" to such issue No. 10 was:

"A. Because the Court has instructed the jury that they can take into consideration and make an award for damages due to physical impairment and also for diminished capacity suffered by the said Billy Ray Norman in the past and therefore permits and allows the jury to make a duplicate award of damages as against this defendant in that physical impairment and diminished capacity are one and the same."

Physical impairment and diminished capacity to work and earn money do not necessarily imply one and the same thing. Diminished capacity to work and earn money may and ordinarily does result from physical impairment, but physical impairment does not necessarily result in diminished capacity to work and earn money. It depends on the nature of the impairment and the nature of the work. It could hardly be true that the loss of a little finger on the left hand would necessarily result in diminished capacity of a lawyer or judge to work and earn money in his profession of law. It might so result for a machinist or wielder of a pick or sledge. In this case the evidence is that plaintiff was a welder at the time he was injured and had to give up this kind of work because of his injuries, and thereafter that he worked in a service station for considerably less money; in other words the diminished capacity to work and earn money was a direct result of physical impairment he suffered, but it was not physical impairment. Physical impairment, as well as the result, diminished capacity to work and earn money, were both proper elements of damage. The physical impairment with its accompanying pain and suffering was a scar on the forehead and at least a temporarily swollen knee. Norman was entitled to recover for these injuries even had there been no diminution of his earning capacity because of

them. Houston Transit Company v. Felder, 146 Tex. 428, 208 S.W.2d 880; 13 Tex.Jur. p. 170, Sec. 79. Diminished capacity to work and earn money is analogous to loss of time or earnings which is recoverable. 13 Tex.Jur. p. 178, Sec. 85. The court did not err in instructing the jury that they could consider both elements, viz., physical impairment and diminished capacity to work and earn money. We overrule this point.

Error is also urged in the court's refusal of defendant's requested instructions that damages for past pain, mental and physical, and diminished capacity and physical impairment could not be awarded if caused wholly or partially by accidents of 1951 and 1953 other than the accident in suit, and damage for future pain and mental suffering and future diminished capacity could not be awarded if caused wholly or partially by these accidents of 1951 and 1953 other than the accident in suit. The court refused to instruct the jury accordingly as so requested by defendant. Appellant contends such refusal constitutes reversible error.

▮▮▮▮ Appellee was injured on June 3, 1951, while working for Oil Well Drilling Company. He filed suit for such injuries. In his petition he alleged:

"There is marked limitation of motion of the joints of the second and third phalanges of the right little and ring fingers; he has lost almost all the grip in his right hand, and the arm has become weak and there is limitation of motion of the right arm, and he cannot lift anything with the right arm; Plaintiff alleges that the amputation stumps are tender and that he has a continual pain in the right arm which starts in the palm of the ulnar side of the right hand and extends to his shoulder, said pain being worse when he tried to lift anything with the right hand; he has no security or power when he grips anything with his right hand; and Plaintiff alleges that due to said accident he is now totally and permanently disabled to such an extent that he cannot obtain and retain employment at manual labor, and that such condition is total and permanent, and that he is entitled to total and permanent compensation benefits, for which he here sues the Defendant corporation."

However, after that accident appellee did roughneck work in the oil field, he claimed his only substantial injury in that accident was the loss of the right little finger and the right ring finger. He had another accident in July 1953 subsequent to the accident in suit. In that accident he received a bump on his head which caused a knot just to the side of the spot where he claimed damages for injury in this suit. Under this evidence we think the court should have instructed the jury that they could not consider any damages resulting from the subsequent accident, and that his failure to do so would constitute reversible error had a substantially correct instruction been requested. Rule 279, Texas Rules of Civil Procedure. Great American Indemnity Co. v. Sams, 142 Tex. 121, 176 S.W.2d 312. In our opinion all the elements necessary to require such instruction as specified in Dallas Ry. & Terminal Co. v. Orr, 147 Tex. 383, 215 S.W.2d 862, exist in this case. However, the requested instruction submitted to the court was not even substantially correct. This instruction was:

. " 'And in connection with physical impairment, if any, that you find in the past, you are instructed that you cannot and must not allow any damages for any physical impairment resulting wholly or partially from the accident of 1951 or the accident of 1953.' "

"In this connection defendant requests the Court to add after each item as submitted: 'You are instructed that you must not and cannot allow any damages whatsoever resulting to the plaintiff from the accidents of 1951 and 1953.' "

It would have prohibited any allowance for aggravation of either prior or subsequent injuries by the injuries in suit. The plaintiff was entitled to recover at least

for aggravation of prior injuries resulting from the injuries in suit. In the opinion of the writer he was also entitled to recover for the increased damage caused by subsequent injuries.

■ Therefore, the instruction requested is erroneous and the court did not err in refusing it. The court's refusal to give this requested instruction is the sole basis of appellant's second and third points.

The judgment is affirmed.

On Appellant's Motion for Rehearing.

HAMILTON, Chief Justice.

I respectfully dissent from the overruling of appellant's motion for rehearing by the majority of the court. In our original disposition of this case, I believe the court fell in error in holding that the requested instruction submitted to the court by appellant in connection with Special Issue No. 10 was not substantially correct. Our reason given for holding such requested instruction incorrect was that it "prohibited any allowance for aggravation of either prior or subsequent injuries by the injuries in [this] suit." After careful consideration of appellant's motion for rehearing and reviewing the whole case, I believe that such requested instruction was substantially correct. There was no allegation or evidence that the injuries in the suit aggravated the prior injury received in the accident of 1951, and appellee could not have been harmed in any manner by the submission of the requested instruction. Certainly appellee was not entitled to recover for increased damage caused by subsequent injuries. The very purpose of such an instruction as was requested was to preclude such a recovery.

I believe the motion for rehearing should be granted and the judgment of the trial court reversed, and the cause remanded for trial because of the error of the trial court in refusing to submit appellant's requested instruction discussed in our original opinion.