597 S.W.2d 811 (1980)
TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,
v.
Juan B. FUENTES, Appellee.
No. 5423.
Court of Civil Appeals of Texas, Eastland.
April 3, 1980.
Rehearing Denied May 1, 1980.
*812 M. W. Meredith, Jr. and William A. Abernethy, Meredith, Donnell & Edmonds, Corpus Christi, for appellant.
Russell H. McMains, Edwards & Perry, Guy H. Allison, Law Offices of Guy H. Allison, Corpus Christi, for appellee.
DICKENSON, Justice.
Juan B. Fuentes claimed worker's compensation benefits. Texas Employers' Insurance Association paid benefits for 43 weeks of temporary disability, but it denied any liability for additional benefits. The jury found that Fuentes' total incapacity was permanent, and judgment was rendered on the verdict. The Association appeals. We affirm.
Appellant concedes that the evidence is factually sufficient to support the jury's answer of total disability, but it insists that it is entitled to a new trial because of errors in the court's charge to the jury. Appellant has briefed nine points of error.
The first three points contend that the trial court erred in its submission of Question 1 because: (1) There was an impermissible comment directly on the weight of the evidence; (2) It singled out and unduly emphasized certain evidence; and (3) It assumed a controverted fact. These points are overruled. Stone v. Texas Employers' Insurance Association, 154 Tex. 21, 273 S.W.2d 59 (1954).
Question 1 was submitted as follows:
The insurance company has admitted that the injury in question was a producing cause of total incapacity which commenced on the date of injury. Find from a preponderance of the evidence whether such total incapacity has been or will be permanent, or has been or will be temporary.
ANSWER: Permanent.
In response to requests for admission under Tex.R.Civ.P. 169, appellant made judicial admissions which include the following: Fuentes suffered total incapacity to work "for some period of time" and that the injury involved in this lawsuit was "a producing cause" of such total incapacity to work. Appellant argues that Fuentes must prove that the job related injury is a producing cause of his present incapacity. In view of the judicial admissions under Rule 169, duration of the admitted total incapacity was the only contested issue. It was fairly submitted, and the jury has resolved that dispute.
The instruction which preceded Question 1 does not constitute an impermissible "comment directly on the weight of the evidence" within the meaning of Tex.R. Civ.P. 277. Lloyds Casualty Co. of New York v. Grilliett, 64 S.W.2d 1005 (Tex.Civ. App.Texarkana 1933, writ ref'd), quotes the applicable rule as follows:
Where the evidence to a fact is positive and not disputed or questioned, it is to be taken as an established fact; and the charge of the Court should proceed upon that basis.
See also 3 McDonald, Texas Civil Practice § 12.03.2 (rev.1970).
Point 4 contends that the trial court erred in referring to Appellant as "the insurance company" in the instruction under Question 1. We disagree. Texas Employers' Insurance Association was the insurance company which afforded worker's compensation protection to Fuentes' employer.
Points 5 and 6 challenge the trial court's definition of "producing cause" in its charge to the jury. That term was defined as follows:
By the term "producing cause" as used in this charge, means an efficient, exciting, accelerating or contributing cause which in a natural and continuous sequence produces incapacity. There may be more than one producing cause of an incapacity.
As pointed out in the Comment following 2 State Bar of Texas, Texas Pattern Jury Charges § 22.01 (1970), there is no statutory definition of "producing cause," nor is there any exclusive means of expression to define the term. Even though the court did not use the definition suggested by § 22.01, *813 supra, we hold that the definition was adequate.
Appellant relies on Texas Employers' Insurance Association v. Steadman, 415 S.W.2d 211 (Tex.Civ.App.Amarillo 1967, writ ref'd n. r. e.). In Steadman, "producing cause" was defined in the charge as "an efficient, exciting and contributing cause which in a natural and continuous sequence produces disability." (emphasis added) Appellant insists that the trial court erred in using "or" rather than "and" in its definition of producing cause. We disagree. Traders & General Insurance Company v. Rooth, 268 S.W.2d 539 (Tex.Civ.App.Waco 1954, writ ref'd n. r. e.), approved a definition of "producing cause" as "an efficient, exciting, or contributing cause which in a natural and continuous sequence produces incapacity." (emphasis added) See also Texas Employers' Insurance Association v. Goodeaux, 478 S.W.2d 865 (Tex.Civ.App. Beaumont 1972, writ ref'd n. r. e.).
Points 7 and 8 challenge the definition of "total incapacity." This term was defined in the charge as follows:
By the term "total incapacity" as used in the Workers' Compensation Law, does not imply an absolute disability to perform any kind of labor, but a person disqualified from performing the usual tasks of a workman in such a way as to prevent him from obtaining and retaining employment is to be regarded as totally incapacitated. (emphasis added)
Appellant argues that the word "enable" should have been used instead of the word "prevent." Appellant cites Texas Employers' Insurance Association v. Mallard, 143 Tex. 77, 182 S.W.2d 1000 (1944) and Argonaut Insurance Company v. Shawver, 375 S.W.2d 510 (Tex.Civ.App.Dallas 1964, writ ref'd n. r. e.). We agree that Mallard and Shawver approved a definition of "total incapacity" which used the word "enable." We do not agree that those holdings can be construed as requiring the use of "enable." It is noted that the trial court in Mallard used the word "prevent" and that the Supreme Court did not cite this as any substantial difference from the approved definition. The case was reversed because the trial court restricted the definition to "the usual occupation which he is suited to perform." The Supreme Court said that phrase unduly restricted the definition, but it did not express any disapproval of the trial court's use of "prevent" rather than "enable" in the definition.
The final point of error contends that the cumulative effect of errors in the submission of the charge requires a reversal of the judgment. We disagree.
The cross-point requesting damages for delay is overruled. We do not assess any damages under Tex.R.Civ.P. 435, and we do not find that the appeal was taken for delay only and with no sufficient cause under Tex.R.Civ.P. 438. See Texas Employers' Insurance Association v. Armstrong, 572 S.W.2d 565 (Tex.Civ.App. Eastland 1978, no writ).
The judgment of the trial court is affirmed.