## J. F. PRITCHARD & CO. v. R. A. STOKES CO.

### No. 11653.

Circuit Court of Appeals, Fifth Circuit.

March 12, 1947.

Rehearing Granted April 8, 1947.

On Rehearing and on Motion to Retax Costs May 5, 1947.

Gordon Boone and T. H. Burruss, both of Corpus Christi, Tex., for appellant.

Warren B. Phillips, of Corpus Christi, Tex., and L. Hamilton Lowe, of Austin, Tex., for appellee.

Before HOLMES, McCORD, and WAL-LER, Circuit Judges.

WALLER, Circuit Judge.

R. A. Stokes Company, Inc., as plaintiff [hereinafter referred to as "plaintiff"], sued J. F. Pritchard & Company [hereinafter referred to as "defendant"] to recover certain sums alleged to be due for painting storage tanks at a refinery and tank farm at Sweeny, Texas, and at a terminal site at Freeport, Texas.

The defendant was the main contractor in the construction of these tanks and refinery for Defense Plant Corporation as owner. Plaintiff, as sub-contractor, agreed to do the painting of the tanks. The contracts were in writing. Special verdicts were submitted to the jury wherein there were findings for the plaintiff in the following amounts, totalling $6,434.41, and for the following items:

1. $188.52, the cost of the performance bond.

2. $1,200 for repainting four 100,000 barrel tanks at Freeport.

3. $700 for painting four bullet tanks not included in the sub-contract.

4. $622.68 for removing sand from the floating roofs which were at the bottom instead of the top of the tanks.

5. $642 for repainting a 25,000 barrel tank and three 10,000 barrel tanks and the spheroid tanks.

6. $1,500 for loss of profits in not being permitted to paint the four 80,000 barrel tanks.

7. An unpaid balance of $1,581.21 on the painting of 463,613 square feet at the unit price of 7¢ per square foot.

The jury found that the plaintiff had painted for the defendant 463,613 square feet which, at 7¢ per square foot, amounted to the sum of $32,452.91, to which was added the sums mentioned in parapraphs 1, 2, 3, 4, 5, and 6 above, additional amounts which the jury thought the plaintiff should recover.

■ A great deal of testimony was taken but much of it was noteworthy for its generalizations, indefiniteness, and lack of specificity. Much of the plaintiff's testimony comes from parties who do not seem to have been present when the transactions occurred concerning which they gave testimony, and many of the responses came from leading questions that evoked answers from witnesses who had little or no direct personal knowledge of the matters concerning which they were interrogated. The contract required the work to be done in accordance with the specifications "in the best and most workmanlike manner by qualified, careful, and efficient workers,

in strict conformity with the best standard practices". The plaintiff had the burden of proving substantial compliance with that provision of the contract before it could recover for work done under the contract.

■ On Item No. 2, for $1,200 for repainting the four 100,000 barrel tanks at Freeport, it is conceded that the inspectors of the defendant directed a repainting of at least a portion of those tanks, and the defendant contends that the reason was the defective work of the plaintiff. There is no testimony on the part of the plaintiff that the work was done as required by the contract. There is testimony by witnesses for plaintiff and defendant that when the plaintiff's representatives were called upon to do the repainting, they did so without protest and admittedly the repainting needed to be done. Not only was no complaint registered by the plaintiff, but no bill for extra work was sent, and no contention was made that it was entitled to extra pay until long after the work was completed. No complaint was filed with the representatives of the owner; no request for arbitration of differences was asked as the contract provides. The plaintiff claims that the repainting of these tanks was the making of a new contract or a novation, but there is a complete failure of proof in the record to show that the work was ordered done by any representative of defendant who had the authority to make a new contract in its behalf. Proof of a new contract is lacking. Concededly, the repainting was ordered by the inspectors who had the supervision of the manner in which the painting was done. We think that there was no legal evidence to sustain the jury's verdict for the sum of $1,200 based on charges for repainting the four 100,000 barrel tanks at Freeport.

The jury also allowed a recovery of $1,500 for loss of profits in not being permitted to paint four 80,000 barrel tanks mentioned in the sub-contract. It is without dispute that the contract was based on a unit price and that under Article V and Article VIII the engineers of the owner had the right to add to, or reduce, at the unit price, the amount of work to be done under the contract.

The decision not to paint the four 80,000 barrel tanks was made by Mr. Grebe, acting on behalf of the Defense Plant Corporation, and was permissible under the contract; and if any inequity resulted from such a reduction under the contract the remedy of the sub-contractor was for it to be settled by arbitration as provided by the contract. It would seem that if he claims under the contract, his right must be measured by the contract. Grebe, the engineer who decided not to have the four 80,000 barrel tanks painted, had the right under the contract so to do, and his decision was not a decision of the defendant. The $1,500 allowed by the jury as loss of profits for failure to paint the four 80,000 barrel tanks cannot be upheld.

The trial was long and expensive and a new trial should be avoided if possible. If the plaintiff will enter a remittitur in the sum of $1,200 [being that part of the jury's verdict for repainting the four tanks] plus the further sum of $1,500 [being that part of the jury's verdict for loss of profits for not being allowed to paint certain tanks], the judgment of the Court below will be affirmed for the plaintiff in the sum of $3,734.41. Otherwise, the cause will be reversed in its entirety for a new trial whereat strict attention should be paid to the rules of evidence to the end that less hearsay testimony, less generalizations, and more definiteness in proof may be required.

The cause is hereby remanded to the lower Court for further proceedings not inconsistent with the views herein expressed.

On Rehearing and on Motion to Retax Costs.

Upon consideration of the rehearing heretofore granted on the question of whether or not the area of four bullet tanks was included in the total of 463,613 square feet found by the jury to have been painted by the Plaintiff, it is ordered that the former opinion of this Court be adhered to and that the judgment heretofore entered shall stand as the judgment of this Court.

It further appearing that in the judgment heretofore entered one-third of the costs of appeal was taxed to the Appellee and two-thirds to the Appellant, in consideration hereof the motion of the Appellant to retax the costs is denied.