**LIFESTYLE ENERGY CORPORATION,**
Appellant,

v.

**JOHN WILSON DRILLING
COMPANY, Appellee.**

No. 7038.

Court of Civil Appeals of Texas,
El Paso.

Dec. 31, 1980.

Rehearing Denied Jan. 28, 1981.

Kerr, Fitz-Gerald & Kerr, Wm. Monroe Kerr and Michael T. Morgan, Midland, for appellant.

Rassman, Gunter & Boldrick, James P. Boldrick and Leslie G. McLaughlin, Midland, for appellee.

OPINION

OSBORN, Justice.

John Wilson Drilling Company recovered judgment against Lifestyle Energy Corporation for the balance due for services rendered under a daywork drilling contract. We reverse and remand because the burden of proof as to performance of the contract was misplaced in the Court's charge to the jury.

Under the terms of the written contract, John Wilson Drilling Company, as contractor, agreed to perform all work under the contract "with due diligence and care and in a good and workmanlike manner * * *." While drilling a well and performing work under this contract, someone dropped a piece of metal off the air rotary head while the drilling crew was "nippleing up." This necessitated a fishing job with the rental of the necessary equipment to locate and remove the piece of metal and extra time for the rig and crew. The operator, Lifestyle Energy Corporation, paid for all of the costs of drilling the well except the cost attributed to the fishing operations. That balance was the amount in issue in this case.

■ The Court submitted one issue and instruction to the jury, which with the answer, was:

### SPECIAL ISSUE ONE

What sum of money, if any, not paid to date, do you find from a preponderance of the evidence is owed to John Wilson Drilling Co. under the day work contract on the Hoover # 8 well?

Answer in dollars and cents, if any.

Answer:   $5,264.63

In connection with the above issue you are instructed that if you find from a preponderance of the evidence that John Wilson Drilling Co. failed to perform any of the work in accordance with orders and directions of Lifestyle Energy Corp. and in a good and workmanlike manner, you may reduce the amount owed to John Wilson Drilling Co. by the amount of expenses, if any, incurred by Lifestyle Energy Corp. as a proximate result of such failure.

The Appellant objected to the Court's charge because it improperly placed the burden of proof upon the Appellant to show that the work was not done in a good and workmanlike manner, and does not require the Appellee to prove by a preponderance of the evidence that it has performed within the terms of the contract involved in a good and workmanlike manner. The Appellant's one point of error complains about the trial Court misplacing the burden of proof on this issue.

Under the instruction given with the issue submitted, the burden of proof was placed upon Lifestyle Energy Corporation to prove by a preponderance of the evidence that the drilling company failed to perform its work in a good and workmanlike manner. In *Triton Oil and Gas Corporation v. E. W. Moran Drilling Company*, 509 S.W.2d 678 (Tex.Civ.App.—Fort Worth 1974, writ ref'd n. r. e.), the Court considered a dispute under a drilling contract with a daywork clause and said:

> To recover on the drilling contract, as stated above, plaintiff was required to prove that it substantially performed the

contract in a good and workmanlike manner with due diligence and care.

In *Bolin Oil Company v. Staples*, 496 S.W.2d 167 (Tex.Civ.App.—Fort Worth 1973, writ ref'd n. r. e.), the jury found that conduct of a crew in dropping tubing into a well was a failure to perform in a good and workmanlike manner. Strangely enough, the issue in that case seems to place the burden of proof on the operator but apparently no complaint was raised about that part of the charge. Nevertheless, the Court in its opinion noted that the contract imposed on the plaintiff the legal duty or obligation of drilling and completing the well in question in a good and workmanlike manner. Also see: *Westbrook v. Watts*, 268 S.W.2d 694 (Tex.Civ.App.—Waco 1954, writ ref'd n. r. e.).

■ The Court in *J. F. Pritchard & Co. v. R. A. Stokes Co.*, 160 F.2d 739 (5th Cir. 1947), noted that, where a contract required the work to be done in a workmanlike manner, "[t]he plaintiff had the burden of proving substantial compliance with that provision of the contract before it could recover for work done under the contract." And as pointed out by Professor Hodges, it is normally reversible error to place the burden of persuasion upon the wrong party. Hodges, *Special Issue Submission in Texas*, sec. 28 (1959).

We sustain Appellant's Point of Error. The judgment of the trial Court is reversed and the case is remanded for a new trial.

WARD, J., not sitting.

### OPINION ON MOTION FOR REHEARING

■ Appellee presents three points of error in its Motion for Rehearing. The first point was not addressed in our original opinion although the argument was presented in the Appellee's brief. The point asserts any error in the instructions in the Court's charge was waived because the Appellant did not submit a substantially correct instruction. Rule 274, Tex.R.Civ.P., only requires an objection in order to assert

error as to an instruction actually given by the court. Only if no instruction is given is a party required to tender a substantially correct instruction in order to complain on appeal. Rule 279, Tex.R.Civ.P. See: *Texas Employers' Insurance Association v. Mallard*, 143 Tex. 77, 182 S.W.2d 1000 (1944); W. Masterson, Jr., *Preparation and Submission of Special Issues in Texas*, 6 Sw.L.J. 163 at 189 (1952).

We have previously considered and written on the other two points raised in the Motion for Rehearing. The motion is overruled.

WARD, J., not sitting.