**W.E. MYERS DRILLING CORPORATION,**
Appellant,

v.

**B. J. ELLIOTT,** Appellee.

No. 08–84–00376–CV.

Court of Appeals of Texas,
El Paso.

Aug. 21, 1985

Rehearing Denied Sept. 25, 1985.

Elizabeth M. Marsh, Lynch, Chappell, Allday & Alsup, Midland, for appellant.

Barry L. Elliott, Mabank, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

W.E. Myers Drilling Corporation appeals from a take nothing judgment based upon a jury verdict in a suit filed to recover sums alleged to be due under a daywork drilling contract. We affirm.

These parties entered into a written day-work drilling contract which required Myers to drill a well in Winkler County to a depth of approximately 3,200 feet at a rate of $5,250.00 per day. The parties also signed an agreement under which they estimated the cost of the well to be $65,000.00, and that sum was paid in advance with a provision for a refund or additional payment as might be required upon completion of the well. The rig inventory listed two mud pumps and a string of pipe consisting of twenty drill collars and 3,500 feet of drill pipe. The drilling contract required the operator to pay for certain designated equipment, materials and services, including moving the rig and operating fuel.

The well was completed in twelve and one-half days and the total cost, including the expenses, charged to the operator was $76,931.85. After allowing credit for the prepayment and an additional payment of .$1,050.65 and after adding interest on the unpaid balance, suit was filed for $11,044.42.

The drilling contract provided:

Contractor agrees to perform all work to be conducted by him under the terms of this Contract in accordance with the orders and directions of Operator, with due diligence and care and in a good and workmanlike manner, and agrees to provide competent supervision of the work performed hereunder.

There was no dispute about the fact that the well was properly drilled, but Appellee contended the well was not drilled with due diligence and that it should have been completed two to four days sooner. The jury in answer to special issues (1) failed to find that Myers used due diligence in drilling the well; (2) found that a reasonable period for drilling the well using due diligence would have been ten days; (3) found the reasonable cost of equipment, materials and services chargeable to the operator was $10,256.20; and (4) found reasonable attorney's fees for trial and appeal in the sum of $11,500.00.

The Appellant argues together its first fifteen points of error which attack the

factual and legal sufficiency of the evidence to support the answers to Special Issues No. 1 and No. 2 and contends that the evidence established substantial performance of the contract as a matter of law. These points also attack the form of the issues submitted to the jury. Appellee replies that the contract required the well to be drilled with due diligence and care and also in a good and workmanlike manner. It does not question that performance was completed in a good and workmanlike manner. It does assert the drilling was not done with due diligence.

■ The courts of this state have consistently held that daywork drilling contracts under their terms require the plaintiff "to prove that it substantially performed the contract in a good and workmanlike manner with due diligence and care." *Triton Oil and Gas Corporation v. E.W. Moran Drilling Company,* 509 S.W.2d 678 (Tex.Civ.App.—Fort Worth 1974, writ ref'd n.r.e.). In a recent case with the identical language in a performance clause, this Court held that the burden of proof was upon the contractor to establish that it had performed the work in a good and workmanlike manner where that issue was raised as a defense. *Lifestyle Energy Corporation v. John Wilson Drilling Company,* 611 S.W.2d 709 (Tex.Civ. App.—El Paso 1980, no writ). The holdings in those two cases dictate that we hold in this case that the contractor was required to obtain a jury finding that it drilled the well with due diligence in order to establish substantial performance.

To the extent that *Matador Drilling Company, Inc. v. Post,* 662 F.2d 1190 (5th Cir.1981), holds that a daywork contract can be substantially performed without regard to compliance with the "due diligence" clause, we refuse to follow that decision. In that case, Matador was contractually obligated to perform with due diligence and care and in a good and workmanlike manner, and when the drill pipe became stuck in the hole at a depth of 5,200 feet and efforts to free the pipe resulted in damage to the derrick, there were no drilling operations for a period of about three weeks. That court permitted a recovery upon findings that the contract had been substantially performed even though the completion period was substantially longer than the parties anticipated.

While we agree that a "due diligence" clause may not make time of the essence and permit one party to cancel for failure to perform, it certainly does put a requirement on the contractor as to the time within which the well must be completed and is some limitation on the operator's obligation to pay for excessive delays. Otherwise the "due diligence" clause is meaningless. In the *Matador Drilling Company* case, had the well been completed within the anticipated thirty days but with such a directional deviation that casing could not be run, certainly the court would not have found "substantial performance." When the parties contracted for both "due diligence" and "good and workmanlike manner" they must have expected both standards would be met in order for there to be substantial performance under the contract. Each clause is of equal dignity and each relates to a particular way the work was to be performed. Each clause is an essential part of the contract and each clause provides a defense to a claim of substantial performance.

■ The doctrine of substantial performance generally relates to building and construction contracts where the contract is not fully performed and there are some defects or omissions in the work. 14 Tex. Jur.3d, Contracts, sec. 290 (1981). In this case, the work was fully performed. There were no defects or omissions to be remedied by the operator. But, to protect against an excessive claim where the work was fully performed, the operator had required not only work in a good and workmanlike manner, which went to how the contract was completed, but also "due diligence," which went to when the contract was completed. Otherwise, an operator would have no protection under a daywork contract where no diligence was exercised

and the contractor chose to let the work go on and on and on.

Although the work was fully performed, the contract was not substantially performed when the jury failed to find that the contractor complied with the due diligence clause. Without an affirmative finding upon an issue where the burden was upon the contractor, the Appellant in this case was not entitled to recover the daywork contract price for twelve and one-half days of drilling. But since the work was completed, the contractor was entitled to recover for the number of days reasonable and necessary to complete the well. The trial court properly submitted Special Issue No. 2 so that if the jury failed to answer Special Issue No. 1 in the affirmative the contractor would not be left in a position of having earned nothing under its contract; but with a finding as to a reasonable period for drilling the well using due diligence, it could be entitled to some judgment for the work performed. Based upon the finding of ten days as a reasonable and necessary time to complete the well, the trial court properly concluded that the operator by his prepayment had fully paid for the drilling of the well and all equipment, materials and services chargeable to the operator and entered a take nothing judgment on the verdict. We find no error.

In reviewing the evidence under the standards set forth in *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965) and *In re King's Estate*, 150 TEx. 662, 244 S.W.2d 660 (1951), we overrule the no evidence and the insufficient evidence points of error. Both Mr. B. J. Elliott and Mr. John Ratliff, a driller on the rig that drilled this well, testified that only fourteen drill collars were used rather than twenty as provided for in the rig inventory. They also testified that 1,500 pounds was not maintained on the bit during drilling operations as Mr. Elliott requested. Mr. Ratliff testified that in this particular area the well should have been completed in six days. Finding no error in the jury verdict, Points of Error Nos. One through Fifteen are overruled.

The last two points of error contend the trial court abused its discretion in allowing the defendant to file a trial amendment during the trial of the case to allege that the plaintiff did not perform the contract with due diligence and in a good and workmanlike manner, and as a result caused the drilling to take an excessive and prolonged period of time. We find no error. The general denial in the original answer raised the issue of performance under the contract. The burden of proof was on the contractor to establish each element of its cause of action. The trial amendment did not raise any new issue nor change any burden of proof as required under the holdings in *Triton Oil and Gas Corporation v. E.W. Moran Drilling Company*, supra and *Lifestyle Energy Corporation v. John Wilson Drilling Company*, supra. Points of Error Nos. Sixteen and Seventeen are overruled.

The judgment of the trial court is affirmed.